MOE SIEGEL et al., Plaintiffs, *v.* JACK KRANIS, Defendant.

Supreme Court, Special Term, Kings County, November 2, 1966.

*Foley & Hickey* for plaintiffs. *David Kranis* for defendant.

WALTER R. HART, J. In an action to recover damages by reason of the alleged malpractice of the defendant attorney and his alleged breach of retainer agreement, the latter moves for an order dismissing the complaint on the ground that the action is outlawed by reason of the Statute of Limitations. Plaintiffs cross-move for summary judgment.

On March 2, 1960 plaintiffs engaged the defendant to prosecute their claim for personal injury as a result of an accident which occurred on February 15, 1960. Learning that the party against whom the claim was asserted was uninsured, the defendant asserted a claim against plaintiff Moe Siegel's insurance carrier. After negotiation the insurance carrier advised defendant that they disclaimed any liability under the policy. On August 11, 1960 defendant filed a claim with Motor Vehicle Accident Indemnification Corporation. The claim was rejected on September 28, 1960 on the ground that it was not filed within the statutory period of 90 days. Defendant demanded arbitration of the claim

but on May 25, 1964 it was stayed pending a trial of the issue as to whether or not the failure to file within the 90-day period was excusable. On September 23, 1965 it was determined that plaintiffs' claim was not timely filed and on October 7, 1965 an order was entered making the stay of arbitration permanent. Plaintiffs commenced this action against the defendant on June 17, 1966.

Defendant asserts that if he was in any manner negligent, it occurred prior to August 11, 1960, the date when he filed the notice of claim against Motor Vehicle Accident Indemnification Corporation and accordingly the first cause of action, which is one for malpractice, is barred by virtue of the failure of the plaintiffs to commence their action against him until June 17, 1966. The second cause of action set forth in the complaint is also barred, the defendant asserts, since it is merely a restatement of the first cause of action but labeled as one for breach of retainer agreement.

Plaintiffs in their affidavits assert that the defendant fraudulently concealed his negligence in the handling of the claim; that defendant never informed plaintiffs that he failed to file a timely notice of claim or that the notice of claim which was filed had been rejected nor did he advise them that there was any other difficulty with the case; that each time plaintiff Moe Siegel spoke to the defendant the latter expressed " that the case was coming along nicely but it would be some time before it would be reached for trial due to the congestion of the calendars in the various courts."

Plaintiffs claim that the aforesaid concealment of the malpractice tolled the Statute of Limitations, and as a basis quote the following from *Goldberg* v. *Bosworth* (29 Misc 2d 1057, 1059): " Concerning an attorney's malpractice it has textually been written that ' As a general rule, in the absence of fraudulent concealment, where an attorney at law is guilty of negligence of breach of duty in performing services for his client, the client's cause of action accrues and the statute begins to run at the time when the negligence or breach of duty occurs, not at the time when it is discovered or actual damage results or is fully ascertained; and it is immaterial whether the remedy invoked is assumpsit or a special action on the case, for the gist of the action is the attorney's breach of contract to use diligence and skill, and the subsequent damages give no new cause of action.' (54 C. J. S., Limitations of Actions, § 135, subd. c, p. 57.) "

Fundamentally it can be said that the above expresses the general rule. However, extensive research reveals that the words " in the absence of fraudulent concealment " should not

be included as part of the general rule since the courts throughout our Nation are not in agreement as to whether or not such concealment tolls the Statute of Limitations (see Ann. 80 ALR 2d 400, § 9). New York State takes the view that fraudulent concealment does not toll the Statute of Limitations. In the most recent case, *Kleinman* v. *Lack* (6 A D 2d 1046), the court held that " Alleged fraud in concealing the injury does not preclude pleading the Statute of Limitations as a defense." Previously, the Appellate Division in *Tullock* v. *Haselo* (218 App. Div. 313) held that allegations of fraudulent concealment in an action for malpractice merely goes to the enhancement of the damages but does not extend the Statute of Limitations. And in *Ranalli* v. *Breed* (251 App. Div. 750, affd. 277 N. Y. 630) the courts affirmed a judgment dismissing a complaint alleging the fraudulent concealment of defendant's malpractice until the Statute of Limitations had run.

In 1962 the Law Revision Commission of the State of New York attempted to have our present law altered so that limitations for the bringing of malpractice actions should not begin to run until the discovery of the injury (1962 Report of N. Y. Law Rev. Comm., pp. 231–233; N. Y. Legis. Doc., 1962, No. 65[C]). The statute, however, was not enacted.

Thus it must be held that the time to bring the first cause of action has been barred by the Statute of Limitations.

The second cause of action is one for breach of contract based upon the allegations of malpractice set forth in the first cause of action. In *Glens Falls Ins. Co.* v. *Reynolds* (3 A D 2d 686) it was held that " Carelessness resulting in professional miscarriage, in the absence of agreement to obtain a specific result or to assure against miscarriage, would usually be governed by the three-year Statute of Limitations for negligence."

The pleading herein does not allege a promise to obtain a definite result nor does it assure against miscarriage. Accordingly the second cause of action is also barred by the Statute of Limitations.

The motion of the defendant is granted in all respects and the cross motion for summary judgment is denied.