Per Curiam.

Since the policy required written notice to the
company of any accident as soon as practical and the proof of mailing was insufficient (Gardam & Son v. Batterson, 198 N. Y. 175, 178-179), we find no error in the dismissal of the complaint as: to the defendant insurance company.
Nor was it error to dismiss the complaint as to the individual defendant insofar as it charged malpractice in the conduct of the litigation, there being no proof that the plaintiff herein had a good defense to the action (McAleenan v. Massachusetts Bonding & Ins. Co., 232 N. Y. 199, 204; see, also, Schmitt v. McMillan, 175 App. Div. 799; Haggerty v. Watson, 277 App. Div. 789, app. dsmd. 301 N. Y. 684).
With respect to the aspect of the cause of action which charged the attorney with malpractice in failing to mail the notice to the insurance carrier, it was error to hold that no liability rested on the attorney because in his action against the insurance carrier plaintiff claimed that the attorney had mailed the notice. Under our practice, persons against whom a right to relief is asserted may be joined “ jointly, severally, or in the alternative ” (CPLR 1002, subd. [a]), and the court may grant any type of relief appropriate to the proof (CPLR 3017). While plaintiff established his cause of action against the defendant Glantz on this phase of the case, recovery is precluded by the affirmative defense of the Statute of Limitations. The act of negligence complained of occurred more than three years prior to the commencement of the action. The complaint seeks to recover for malpractice and not in contract. While the six-year Statute of Limitations may apply in a ease where there is a breach of an agreement by an attorney to obtain a specific result (Glens Falls Ins. Co. v. Reynolds, 3 A D 2d 686), where the complaint charges negligence, the three-year Statute of Limitations provided in CPLE 214 (subd. 4) is applicable to the malpractice of an attorney (1 Weinstein-KornMiller, N. Y. Civ. Prac., par. 214.22).
The negligence in failing to notify the insurer was not a part of the litigation. It could not be cured by any subsequent act of the attorney in connection with the litigation. It resulted in *574 relieving the insurance company of its obligation, and that occurred not when the judgment was entered but when the defendant neglected to mail the notice. Therefore, the cause of action rests not on the continued representation by the attorney but on his failure to act in November, 1959. The Statute of Limitations began to run from the date of the negligence (Conklin v. Draper, 254 N. Y. 620) “ and this is true whether the ultimate damage is sustained at that time or subsequent thereto ” (Crowley v. Johnston, 96 App. Div. 319, 321). Nor did the concealment of the facts toll the statute. (Kleinman v. Lack, 6 A D 2d 1046; Tullock v. Haselo, 218 App. Div. 313; Budoff v. Kessler, 284 App. Div. 1049; Ranalli v. Reed, 251 App. Div. 750, affd. 277 N. Y. 630.) Since the negligence occurred in November, 1959 and this action was not instituted until 1964 the Statute of Limitations is a complete defense.
The judgment should be affirmed, with $25 costs to the respondent Merchants Mutual Insurance Company.