# JOHN H. BILLMAN and MABEL DALE INGVOLDSTAD, Plaintiffs

## v.

# ALLEY ASSOCIATES, A Limited Partnership, and AMERICAN ISLAND RESORT CORP., Defendants

Civil No. 79/197

District Court of the Virgin Islands

Div. of St. Croix

May 20, 1980

MARK L. MILLIGAN, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

JEFFREY L. RESNICK, ESQ., Christiansted, St. Croix, V.I., *for defendant Alley Associates*

THOMAS ALKON, ESQ. (ISHERWOOD, ALKON, BARNARD & DIEHM), Christiansted, St. Croix, V.I., *for defendant American Island Resort Corp.*

BROTMAN, *Judge By Special Assignment*

## MEMORANDUM OPINION WITH ORDER ATTACHED

This is an action for declaratory judgment, recovery of possession of real property and damages brought by the holders in fee of certain real property located in Christiansted, St. Croix. The property is held by defendant Alley Associates under a master lease and is presently occupied by eighteen (18) subtenants. Only one of these subtenants, American Island Resort Corp., is named as a defendant. Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join an indispensable party. In the alternative, defendants have moved to join all of the subtenants pursuant to Fed. R. Civ. P. 19(a). The motion to join will be granted.

### I. FACTUAL BACKGROUND

For the purposes of defendants' motions the Court will assume the truth of the factual allegations of plaintiffs' amended complaint.

Defendant Alley Associates, a limited partnership, is the assignee of a leasehold interest in the subject real property which was created by a lease agreement executed on 8 August 1961 between plaintiffs' predecessors in interest and Mr. Wendy Hilty, the original lessee. The term of the lease is twenty years with the lessee having the option to renew for two consecutive five-year terms. The lessor is to have a right of entry in the event of breach by the lessee.

Plaintiffs allege that the predecessors in interest of Alley Associates breached the lease agreement by assigning the leasehold without the approval of the lessor. Plaintiffs also allege that Alley Associates is in default of the agreement by having altered or permitted the alteration of the demised premises without the approval of the lessors. As a result of these breaches, plaintiffs seek forfeiture of the leasehold, money damages and possession of the real property.

## II. DISCUSSION

■ Defendants first seek dismissal of the action for failure to join all of the subtenants, contending that all such subtenants are indispensable parties to this action. Before the Court can enter a dismissal on these grounds, however, it must find that the absent parties cannot be joined. Fed. R. Civ. P. 19(b). In the present case all of the subtenants are subject to the personal jurisdiction of this Court. There being no obstacle to their joinder, defendants' motion to dismiss must be denied.

In the alternative, defendants have moved for an order that all of the subtenants be joined as defendants under Fed. R. Civ. P. 19(a).

■ Insofar as the action for possession is concerned, the joinder of all subtenants is clearly required by Virgin Islands statute, 28 V.I.C. sec. 281. Defendants' motion will, therefore, be granted as to plaintiffs' action for possession.

■ With respect to plaintiffs' declaratory judgment action under 5 V.I.C. sec. 1261, the Court must examine the nature of the interests of the subtenants and the potential effect of a judgment in this action on those interests if the case should proceed in their absence. Each subtenant must be joined as a defendant if "he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . as a practical matter impair or impede his ability to protect that interest." Fed. R. Civ. P. 19(a)(2). Such is the case here. If plaintiffs prevail in this action and the master lease is declared void, the subtenants will necessarily forfeit their leasehold estates. They must be joined as defendants and given an opportunity to defend their interests from forfeiture.

## ORDER

For the reasons set forth in the memorandum opinion of even date herewith, it is hereby

ORDERED:

(1) That defendants' motion to dismiss be, and is hereby, DENIED;

(2) That defendants' motion to join be, and is hereby, GRANTED. Plaintiffs have thirty (30) days from the date of this order within which to file a second amended complaint naming as defendants all of the persons having a leasehold interest in the real property which is the subject of this action.