**MABLE DALE INGVOLDSTAD, Plaintiff**

**v.**

**ESTATE OF WARREN H. YOUNG, RUTH H. YOUNG, JAMES ISHERWOOD, SARAH ISHERWOOD, PHILLIP C. CLARK, MEREDITH P. CLARK, and THE PENTHENY, LTD., a corporation, Defendants**

Civil No. 80-262

District Court of the Virgin Islands

Div. of St. Croix

May 13, 1982

MICHAEL H. REMY, ESQ. (REMY & ASSOCIATES), Sacramento, California, U.S.A., *for plaintiff*

SAMUEL H. HALL, JR., ESQ., Charlotte Amalie, St. Thomas, V.I., *for plaintiff*

JOHN F. JAMES, ESQ., Christiansted, St. Croix, V.I., *for defendants Estate of Warren H. Young and Ruth H. Young*

JOEL H. HOLT, ESQ., Christiansted, St. Croix, V.I., *for defendants James Isherwood, Sarah Isherwood, Phillip C. Clark, Meredith P. Clark and The Pentheny, Ltd.*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Defendants have moved to dismiss the above captioned case on the grounds that it is barred by the V.I. six-year statute of limitations for actions on an express or implied contract, 5 V.I.C. § 31(3)(A), as well as by the general tort two-year statute in 5 V.I.C. § 31(5)(A). Plaintiff opposed the motion by arguing that the action is timely because the appropriate statute of limitations is the 10-year statute for a cause of action not otherwise provided for in § 31.[1] Alternatively, plaintiff argued that the six-year statute for contract actions is applicable and that the suit was timely brought within six years of plaintiff's discovery of defendants' fraudulent conduct.

At oral argument held on April 30, 1982, counsel for both sides specifically requested guidance from the Court on the issue of the applicable statute of limitations for legal malpractice and breach of fiduciary duty. Counsel also agreed that in an action for fraud, the statute of limitations would commence at the time the alleged fraud was discovered or reasonably should have been discovered by plaintiff, pursuant to 5 V.I.C. § 32(c).[2]

---

[1] Section 31 provides in pertinent part:

Time for commencement of various actions

Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:

(2) Ten years—

(A) An action for any cause not otherwise provided for in this section.

(3) Six years—

(A) An action upon a contract or liability, express or implied, excepting those mentioned in paragraph 1(C) of this section.

(B) An action upon a liability created by statute, other than a penalty or forfeiture.

(C) An action for waste or trespass upon real property.

(D) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof.

(5) Two years—

(A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code. 5 V.I.C. § 31 (Supp. 1981).

[2] Section 32(c) provides that:

In an action upon a new promise, fraud or mistake, the limitation shall be

Defendants' motion to dismiss will be denied so that the parties will be put to their proof regarding the dates the alleged causes of action in Counts I, II and III accrued and the date on which plaintiff discovered or reasonably should have discovered defendants' fraud.

## FACTS

In her First Amended Complaint ("Amended Complaint"), Mrs. Mable Ingvoldstad ("plaintiff"), the wife of the deceased Captain Chester Ingvoldstad ("Ingvoldstad"), alleges three causes of action against defendants Warren H. Young ("Young"), Ruth H. Young, James Isherwood ("Isherwood"), Sarah Isherwood, Phillip C. Clark, Meredith P. Clark and The Pentheny, Ltd.[3] The first cause of action ("Count I") has been brought against all the defendants but the second and third causes of action ("Counts II and III") have been asserted only against Young and Isherwood. Plaintiff is successor to all of Ingvoldstad's interests in both his real and personal property.

Count I is an action alleging fraudulent misrepresentation, non-disclosure and concealment of material facts, breach of oral contract and breach of fiduciary duty by Young and Isherwood with respect to property owned by Ingvoldstad located at 46 King Street in Christiansted, St. Croix. Ingvoldstad leased the property to Young for a term of 50 years, by executing a lease (the "Lease Agreement") dated July 28, 1961, which Young had prepared. Young had previously performed legal services for Ingvoldstad and plaintiff on certain estate matters and, according to plaintiff, had been orally retained by Ingvoldstad to serve as his, and his wife's, counsel.

During the period from 1961 to 1964, plaintiff alleges that Young and Isherwood, by making misrepresentations of material fact and failing to inform Ingvoldstad of facts, fraudulently induced him to sign various lease documents and mortgages.[4] The Lease Agreement, as well as the other documents, were allegedly economically disadvantageous to Ingvoldstad, were intended to benefit the defendants and resulted in the Ingvoldstads' loss of possession of the property for the duration of the 50-year lease. Plaintiff is requesting $750,000 in damages for loss of profits and rentals, $1.5 million in

---

deemed to commence only from the making of the new promise or the discovery of the fraud or mistake. 5 V.I.C. § 32(c) (1967).

[3] Plaintiff's motion to amend complaint was granted on May 11, 1982. Each of the defendants is alleged to be a partner and agent of the other defendants.

[4] Plaintiff avers that these same wrongful actions on the part of Young prevented her from discovering facts which established her cause of action relating to 46 King Street until April 1975. Amended Complaint at 9.

punitive damages and rescission of the Lease Agreement and recovery of possession of the 46 King Street property.

In Count II, plaintiff basically alleges that Young and Isherwood breached their oral contractual relationship with, and violated their fiduciary duty to, plaintiff and Ingvoldstad by representing conflicting interests. Young and Isherwood represented both Ingvoldstad as landlord, and Wallace St. Croix, Inc., as original lessee, in the drafting of a lease commencing December 1, 1960, and subsequent amendments, for premises at 59 King Street, which lease terms proved "substantially disadvantageous" to Ingvoldstad. Plaintiff is seeking $2 million in lost profits and $5 million punitive damages.

Similar allegations of breach of oral contract and fiduciary relationship by Young and Isherwood's representation of conflicting interests are made in Count III, with respect to the negotiation and preparation of a lease for property located at 55 King Street. The lease on this property, which was owned in part by Ingvoldstad, was signed on August 4, 1961, and amended at various times. Lost profits in the amount of $750,000 and punitive damages for $1.5 million are sought to compensate plaintiff for this economically disadvantageous lease. Plaintiff claims that she did not discover Young and Isherwood's conflicting representation regarding the 59 and 55 King Street leases until June 1979.

It appears that Ingvoldstad owned all of the properties in question and collected the rents thereon until January 22, 1969, on which date he transferred the properties to plaintiff. Ingvoldstad died in February 1969 and suit was commenced by plaintiff on November 4, 1980.

### I. Fraudulent Misrepresentation, Nondisclosure and Concealment Are Torts and Are Subject to the Two-Year Statute of Limitations

In essence, Count I consists of two causes of action: fraud and legal malpractice. Fraud is premised on the alleged intentional misrepresentation, nondisclosure and concealment by Young and Isherwood of material facts which Ingvoldstad relied upon and which allegedly induced him to execute a number of documents regarding 46 King Street which were economically disadvantageous to him. The legal malpractice claim is treated at length in Point II and the discussion therein is intended to include the claim in Count I.

The Virgin Islands Code does not have a specific statute of limitations for fraud, as do many jurisdictions. Therefore, we must initially decide the type of action which fraud constitutes, and then apply the pertinent limitation period.

■ The Restatements of Law, which in the absence of local laws to the contrary are deemed to be controlling in the Virgin Islands,[5] have classified fraudulent misrepresentation as a tort.[6] In addition, the foundation of a fraud action has consistently been held to be tort, not contract. Hood v. Hood, 335 F.2d 585, 590 (10th Cir.), cert. denied, 379 U.S. 915 (1964); see, also, Sedco International, S.A. v. Cory, 522 F.Supp. 254, 329 (S.D. Iowa 1981) (fraudulent misrepresentation deemed an intentional tort).

■ In light of the above, it is this Court's finding that the portion of plaintiff's first cause of action which alleges intentional misrepresentation, concealment and nondisclosure of material facts for the purpose of inducing Ingvoldstad's reliance on them is a claim for fraud. Since fraud is considered a tort in the Virgin Islands, the general tort two-year statute of limitations in 5 V.I.C. § 31(5)(A) must be applied.

■ Plaintiff's request for equitable relief in the form of rescission of the lease and restitution of the premises does not change our determination since rescission and restitution are simply remedies, not rights. See, Roberts v. Sears, Roebuck and Co., 617 F.2d 460, 464 (7th Cir.), cert. denied, 449 U.S. 975 (1980). For the purpose of applying the statute of limitations, this Court will consider the nature of the right which is sued upon and not the nature of the remedy by which the wrong is sought to be rectified. New Amsterdam Casualty Co. v. Waller, 301 F.2d 839, 842 (4th Cir. 1962).

■ A person who allegedly has been fraudulently induced to enter into a contract has two remedies from which to choose.[7] He may affirm the contract and maintain a tort action in deceit for money damages or he may waive the tort and make an election to seek restitution in quasi-contract. Roberts v. Sears, Roebuck and Co., 617

---

[5] 1 V.I.C. § 4 (1967).

[6] Section 525 of the Restatement (Second) of Torts provides:

One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation. Restatement (Second) of Torts § 525.

[7] Pursuant to Rule 8(a)(3) and Rule 8(e)(2) of the Fed. R. Civ. P., a party may seek legal and equitable relief cumulatively or in the alternative, and is not required to make an election of remedies at the pleading stage. 5 C. Wright and A. Miller, Federal Practice and Procedure § 1257 at 256 and § 1283 at 375; Landsing Properties v. OKC Apartments, Ltd., 496 F.Supp. 5, 6 (W.D. Okla. 1979) (alternative remedies of specific performance and damages sought).

F.2d 460, 464 (7th Cir.), cert. denied, 449 U.S. 975 (1980). In either case, however, the action will be based on tort.

■ The deceit action to recover damages for material misrepresentations inducing the making of the contract is founded on fraud and is not based on the contract. Associated Hardware Supply Co. v. Big Wheel Distributing Co., 355 F.2d 114, 120 (3rd. Cir. 1966). If, however, the defrauded party "waives" the tort action and sues instead on a fictitious contract for restitution of the benefits which defendant has received, he is still suing in tort since the quasi-contract itself is based on the tort. W. Prosser, The Law of Torts at 628 (4th ed. 1971). This is because the substantive basis for the equitable remedies of rescission and restitution is the fraud.[8] See D. Dobbs, Law of Remedies § 9.4 at 618 (1973).

In addition to allegations of fraud and misrepresentation, Count I also contains claims that Young violated his fiduciary duty by self dealing and that both Young and Isherwood violated their fiduciary duty and breached their implied contractual responsibilities to Ingvoldstad. Plaintiff also suggests, at least with respect to Young's self dealing, that she is suing upon a constructive trust cause of action which is "beyond mere breaches of express or implied contractual obligations" and thus is subject to the 10-year statute of limitations for causes of action not specifically provided for.[9]

■ Plaintiff's attempt to have the 10-year statute of limitations applied to Count I by suing upon a constructive trust cause of action must necessarily fail as a matter of law. A constructive trust is an equitable remedy utilized by courts to prevent unjust enrichment to the wrongdoer. Francois v. Francois, 599 F.2d 1286 (3rd Cir. 1979), cert. denied, 444 U.S. 1021 (1980).[10] It is not a cause of action, but is a remedy, Vigran v. Poelker, 433 F.Supp. 168, 171 (E.D. Mo. 1977), and cannot serve as the basis for a substantive claim or right. Ashton v. Chrysler Corp., 261 F.Supp. 1009, 1014 (E.D.N.Y. 1965). The sub-

---

[8] For example, in a suit for rescission of a contract, the complaint must show a basis, usually fraud or mistake, upon which relief can be granted. 5 C. Wright and A. Miller, Federal Practice and Procedure § 1235 at 194 (1969).

[9] Plaintiff's Memorandum in Opposition to Defendants' Two Motions to Dismiss ("Plaintiff's Memo") at 7.

[10] A constructive trust is defined as follows:

A constructive trust is a relationship with respect to property subjecting the person by whom the title to the property is held to an equitable duty to convey it to another on the ground that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property. Restatement (Second) of Trusts § 1 comment e (1959).

stantive basis, in fact, for imposition of a constructive trust is fraud. In re Faber's, Inc., 360 F.Supp. 946, 948 (D. Conn. 1973).[11]

In a case with claims similar to those before us except that defendant was not a lawyer, Reynolds v. Whitin Machine Works, 167 F.2d 78, 87–88 (4th Cir.), cert. denied, 334 U.S. 844 (1948), plaintiffs sought the declaration of a constructive trust alleging overreaching, breach of confidence and the taking of unconscionable advantage by the defendant. The court found that defendant's actions constituted a species of fraud and were, therefore, governed by the North Carolina three-year statute for fraud and injury to the rights of another not arising on contract and not especially enumerated, rather than the longer general 10-year statute for actions without a specific limitation. Accord, New Amsterdam Casualty Co. v. Waller, 301 F.2d 839, 844 and n.14 (4th Cir. 1962).

Since we have determined that the basis for plaintiff's allegations of fraud and misrepresentation in Count I sounds in tort, the two-year statute of limitations in 5 V.I.C. § 31(5)(A) will be applied. Plaintiff's claims of breach of fiduciary duty and breach of implied contractual responsibilities will be covered in the legal discussion in Point II below.

## II. Representation of Conflicting Interests and Breach of Fiduciary Duties Are Deemed To Constitute Legal Malpractice and Are Subject to the Tort Statute of Limitations

Plaintiff's second and third causes of action allege that Young and Isherwood represented conflicting interests at the time they negotiated and prepared leases and other documents concerning 59 King Street, respectively, resulting in economically disadvantageous terms to Ingvoldstad. In Count II, plaintiff also claims that such dual representation was a breach of Young and Isherwood's fiduciary duty to represent plaintiff and Ingvoldstad in good faith.

In order to apply the correct statute of limitations, we must first determine the type of action upon which Counts II and III are based. For the reasons which follow, this Court finds that Counts II and III sound in tort, not contract, and are governed by the two-year V.I. statute of limitations for "injury to the person or rights of another

---

[11] See, also, Dexter v. Dexter, 481 F.2d 711, 713–14 (10th Cir. 1973) (before constructive trust may arise, there must be a showing of fraud, unconscionable conduct or questionable ethics resulting in unjust benefit to the wrongdoer); D. Dobbs, Law of Remedies § 9.4 at 618 (1973) (rescission, restitution and constructive trusts are equitable remedies for fraud).

not arising on contract and not herein especially enumerated." 5 V.I.C. § 31(5)(A).

Plaintiff and defendants agree that by alleging the attorneys' representation of conflicting interests, plaintiff is actually charging Young and Isherwood with legal malpractice and breach of fiduciary duty.[12] Both parties state that the six-year statute of limitations for an action upon an express or implied contract should be applied with respect to the breach of fiduciary duty claims.[13] However, plaintiff argues that the legal malpractice claim is also subject to the six-year statute for breach of contract, while defendants contend that legal malpractice is governed by the shorter two-year tort statute of limitations.[14]

### a. *Legal Malpractice*

The Virgin Islands Code does not contain a specific legal malpractice statute and there appears to have been no judicial determination, to date, of which statute of limitations should be applied. Thus, we are led to the case law of other jurisdictions interpreting and applying professional malpractice statutes for guidance in resolving this issue as well as to the V.I. medical malpractice statute.

The statutory provisions in the Virgin Islands Code which relate to the limitation of actions, 5 V.I.C. § 31, were derived from the Compiled Laws of the Territory of Alaska. James v. Henry, 3 V.I. 273, 274–75, 157 F.Supp. 226, 227 (D.V.I. 1957). Under the canons of statutory construction applied to V.I. law by the Third Circuit, the judicial interpretation of statutes of foreign jurisdictions that are adopted by the V.I. are controlling if rendered before the statute's enactment in the V.I., In re Buckley, 13 V.I. 345, 350 (3rd Cir. 1976), and are persuasive, but not controlling, if rendered subsequent thereto. Dublin v. V.I. Telephone Corp., 15 V.I. 214 (Terr. Ct. St. Thomas & St. John 1978).

In 1981, the Supreme Court of Alaska, in Van Horn Lodge, Inc. v. White, 627 P.2d 641 (Alaska 1981), determined that a claim for legal malpractice sounded in tort and was subject to the two-year tort statute of limitations rather than the six-year statute for actions on an express or implied contract.[15] While this Court is not

---

[12] Defendants' Memorandum in Support of Defendants' Motion to Dismiss ("Defendants' Memo") at 2 and Plaintiff's Memo at 9–10.

[13] Defendants' Memo at 4 and Plaintiff's Memo at 6 and 9–10.

[14] Defendants' Memo at 5 and Plaintiff's Memo at 6.

[15] The Alaska two year statute of limitations is essentially identical to ours and, as quoted in White, 627 P.2d at 642 n.1, provides:

bound by the White decision, it is persuasive authority that the V.I. two-year statute of limitations should be applied to the instant legal malpractice claim.

At least one jurisdiction has simply decided that a legal malpractice action against attorneys will sound in tort, not contract, regardless of the manner in which the complaint is framed. See, e.g., Woodburn v. Turley, 625 F.2d 589, 592 (5th Cir. 1980) (Texas). More specifically, however, Young and Isherwood's alleged representation of conflicting interests provides a claim for legal malpractice. In Humble v. Foreman, 563 F.2d 780, 781 (5th Cir.) rehearing denied, 566 F.2d 106 (1977), for instance, a claim against defense counsel for ineffective assistance and representation was treated as sounding in tort because it was similar to a tort claim for legal malpractice.

■ Although the V.I. does not have a statute of limitations for legal malpractice, there is a specific two-year statute for medical malpractice. Significantly, for the purposes of this motion, the two-year limitation applies regardless of whether the action is brought in tort or contract. 27 V.I.C. § 166d(a) (Supp. 1981).[16] Thus, it was obviously the intention of the Legislature to provide a short two-year statute of limitations for all medical malpractice claims, irrespective of the theory of recovery.

■ If this action had been brought against a physician, it is clear that the two-year statute would govern both the tort and contract claims of plaintiff's suit. We see no reason to draw a distinction between legal and medical malpractice since both are types of professional malpractice, and it is our opinion that they should be treated alike. See Keaton Co. v. Kolby, 271 N.E.2d 772, 774 (Ohio 1971). Consequently, we will not discriminate against the legal community, and will apply the same two-year period of limitations to which the medical profession is subject.

### b. *Breach of Fiduciary Duty*

Plaintiff explicitly states in Count II, and implies in Count III, that Young and Isherwood violated their fiduciary duty to Ingvold-

---

Actions to be brought in two years. No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or *for any injury to the person or rights of another not arising on contract and not specifically provided otherwise*; (2) upon a statute for a forfeiture or penalty to the state; or (3) upon a liability created by statute, other than a penalty or forfeiture; unless commenced within two years. (Emphasis supplied.)

[16] Medical "malpractice" is defined as "*any tort or breach of contract* based on health care or professional services rendered, or which should have been rendered by a health care provider, to a patient." 27 V.I.C. § 166(f) (Supp. 1981) (emphasis supplied).

stad by representing parties with conflicting interests. Breach of fiduciary duty, according to plaintiff, is essentially a breach of the implied contract between her husband and his attorneys, and is subject to the six-year statute of limitations in 5 V.I.C. § 31(3)(A) for actions on an express or implied contract.

Plaintiff claims a breach of fiduciary duty and breach of contract based on an oral agreement between attorneys Young and Isherwood and Ingvoldstad.[17] However, it is this Court's determination that if such a breach in fact occurred, it was a breach of a legal duty of reasonable care owed by an attorney to his client. Therefore, even though there may have been an oral contractual relationship, the action must be treated as one in tort, not contract. See, e.g., Van Horn Lodge, Inc. v. White, 627 P.2d 641, 643 (Alaska 1981); Melgard v. Hanna, 607 P.2d 795, 796 (Or. 1980); Chavez v. Saums, 571 P.2d 62, 65 (Kan. 1977).

A well reasoned line of cases holds that if a duty to take care arises from the relation of the parties, irrespective of a contract, then the action is one of tort. Equilease Corp. v. State Federal Savings and Loan Association, 647 F.2d 1069, 1074 (10th Cir. 1981). In United States National Bank v. Davies, 548 P.2d 966, 967–68 (Or. 1976), for example, a two-year statute of limitation similar to ours was held applicable to professional malpractice cases based on lack of due care, despite the existence of an implied contractual relationship. Such cases were concluded to be in tort rather than contract because the substance of the action was failure to exercise due care and *not* the breach of a contract. A similar result was reached in Johnson v. Gold, 420 N.Y.S.2d 816, 817 (4th Dep't 1979), wherein the court rejected the client's attempts to categorize an action commenced five years after his retainer of the defendant as one in contract or fraud so as to obtain the benefit of the longer six-year statute applicable to contract actions.[18] Although the court recognized that the suit arose from the client's retainer of the attorney, it found

---

[17] According to plaintiff, Ingvoldstad "retained the services of Young and Isherwood on his own behalf and on behalf of the Plaintiff." Amended Complaint, at 2. However, plaintiff does not say that any particular services were contracted for and does not refer to the making of any promises by defendants Young and Isherwood.

[18] Plaintiff had sued defendant in three separate causes of action, charging that defendant had failed to keep a check for proceeds from a sale of real estate until plaintiff recovered from illness, that defendant had converted the check to his own use and had defrauded plaintiff and had negligently breached his fiduciary duty.

that the wrong consisted of a claim of due care and was therefore cognizable in either negligence or malpractice.

A wide variety of claims based on oral or written contracts between clients and their attorneys have been held to be tort actions governed by the tort statute of limitations regardless of the different names used by the plaintiff. Thus, in Citizens State Bank v. Shapiro, 575 S.W.2d 375 (Tex. Civ. App. 1978), plaintiff's allegation of a breach of implied warranty based on an oral contract was deemed simply a reiteration of plaintiff's other causes of action for misrepresentation, negligence, fraud and breach of fiduciary duty, all of which sounded in tort.

■ We adopt the position that in order for a legal malpractice or breach of legal fiduciary suit to be based on contract, the contract itself must contain a specific undertaking or promise, the nonperformance of which is the basis of the suit. See Yazzie v. Olney, Levy, Kaplan & Tenner, 593 F.2d 100, 104–05 (9th Cir. 1979); Troll v. Glantz, 293 N.Y.S.2d 345, 347 (1st Dep't 1968). Where, as in the case sub judice, the pleadings do not allege a promise by the attorney to obtain a definite result or to assure against professional miscarriage, the breach of contract action will be governed by the negligence statute of limitations. Siegel v. Kranis, 274 N.Y.S.2d 968 (Sup. Ct. 1966), rev'd on other grounds, 288 N.Y.S.2d 851 (2d Dep't 1968).

■ Plaintiff has never alleged, nor presented evidence to show, that Young or Isherwood promised, either orally or in writing, to achieve a certain result with respect to the negotiation and preparation of the leases of 59 and 55 King Street.[19] Consequently, the legal malpractice claims of alleged representation of conflicting interests and breach of a fiduciary duty are found to be breaches of the legal duty imposed by law, not contract, which Young and Isherwood owed to their client. An action based on a breach of this duty is based on tort and subject to the two-year statute of limitations.

■ We expressly limit our application of the two-year tort statute to those actions which, although claiming a breach of contract, do not allege a breach of particular promise or duty specified in the alleged contract but only claim a general breach of legal fiduciary duty. In light of the persuasive White decision and the fact that

_____

[19] Similarly, there has been no showing by plaintiff of any promises made by Young and Isherwood to Ingvoldstad or plaintiff with respect to the Lease Agreement and other property arrangements for 46 King Street.

medical malpractice in the V.I. is governed by a two-year statute of limitations, we hold that a claim for legal malpractice and breach of fiduciary duty, in a case where no specific promises have been made or specific results assured, will be subject to a two-year statute of limitations.

## CONCLUSION

This Court hereby determines that plaintiff's allegations of fraud and intentional misrepresentations of material facts by defendants upon which Ingvoldstad and plaintiff relied to their detriment are governed by the tort two-year statute of limitations. Plaintiff's claim that defendants Young and Isherwood are liable for legal malpractice is also governed by the tort two-year statute of limitations, as is plaintiff's cause of action alleging that Young and Isherwood breached their oral and/or implied contract and their fiduciary duty where such contract did not contain a promise to achieve a specific result or to do a particular thing which was not done.

Defendants' motion to dismiss will be denied for the reasons set forth in the foregoing memorandum opinion.

## ORDER

Upon consideration of defendants' motion to dismiss and plaintiff's opposition thereto, and having heard oral argument by counsel on April 30, 1982, now then in accordance with the foregoing memorandum opinion, it is this Court's determination that the statute of limitations in the Virgin Islands for an action for fraud is two years pursuant to 5 V.I.C. § 31(5)(A), and that the statute of limitations for a cause of action for legal malpractice is two years pursuant to 5 V.I.C. § 31(5)(A) and that the statute of limitations for breach of an implied and/or oral contract between client and attorney and breach of fiduciary duty is two years pursuant to 5 V.I.C. § 31(5)(A), in those cases where no specific promises have been made or no specific results assured by the attorney to his client, now then it is hereby

ORDERED:

THAT defendants' motion to dismiss the above captioned action on the grounds that it is barred by the V.I. statute of limitations be, and hereby is DENIED, there being unresolved issues of fact as to the date of accrual of the causes of action recited in the amended complaint.