**PAMELLA R. MONTGOMERY n/k/a PAMELLA GALLITZ, Plaintiff**
**vs.**
**THE ESTATE OF WILLIAM R. GRIFFITH, Defendant**

Civil No. ST-07-CV-000063

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

May 16, 2008

JAMES M. DERR, ESQ., Law Offices of James M. Derr, P.C., St. Thomas, VI, *Counsel for Plaintiff*.

MICHAEL E. FITZSIMMONS, ESQ., Stryker, Duensing, Casner & Dollison, St. Thomas, VI, *Counsel for Defendant*.

CARROLL, *Judge*

## MEMORANDUM OPINION

(May 16, 2008)

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss the Complaint, Plaintiff's opposition thereto, Plaintiff's motion for leave to file a sur-reply brief, and Plaintiff's motion to join additional defendants, as well as Defendant's opposition thereto. The matter came on for oral argument before the Court on April 14, 2008, where Plaintiff was represented by James M. Derr, Esq., and Defendant was represented by Michael E. Fitzsimmons, Esq. Because Defendant's motion to dismiss refers to matters outside of the pleadings, the Court must convert the motion to one for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 12(d); *Lawaetz v. Bank of Nova Scotia*, 653 F. Supp. 1278, 1281, 23 V.I. 132 (D.V.I. 1987) (citing *Carter v. Stanton*, 405 U.S. 669, 671, 92 S. Ct. 1232, 1234, 31 L. Ed. 2d 569 (1972)).

For the reasons that follow, the Court concludes that: (1) putative Defendant, the Estate of William Griffith (the "Estate"), is a legal nullity

and, therefore, the wrong party against which, to press a claim; (2) the Court will grant Plaintiff's motion to file a sur-reply brief; (3) the Court will grant Plaintiff's motion to join additional defendants; and (4) summary judgment is premature as to additional defendants joined by Plaintiff and shall therefore be denied.

## I. Background

Plaintiff Pamella Gallitz ("Gallitz"), a resident of Wisconsin, filed the instant action *pro se* on January 31, 2007. The action is self-described as "an independent action for relief under Rule 60(b), F.R.C.P. for relief due to lack of personal service and fraud upon the court." Compl. ¶ 4. Gallitz claims an interest in Unit #5, Shibui Condominiums in St. Thomas. On March 27, 2002, this Court entered default judgment against her in another action in this Court, *Griffith v. Montgomery*, Civil No. 515/2001, an action for the partition of Shibui Unit #5—the effect of which was to extinguish any right or interest Gallitz had in the property. Subsequently, on January, 25, 2007, the Probate Division of the Court awarded the property to the heirs-at-law of William R. Griffith ("Griffith").

Before entering default judgment against Gallitz in Civil No. 515/2001, the Court recognized that Gallitz was served with notice of the litigation by publication pursuant to V.I. CODE ANN. tit. 5, § 112. On September 28, 2001, the Court had ordered that service of process upon Gallitz was to be made by publication of the Summons once a week for four consecutive weeks in a newspaper of general circulation in St. Thomas.

There is no dispute that Gallitz failed to answer or otherwise plead in response to the allegations of the 2001 lawsuit. Therefore, after reviewing the proof of service of publication that Griffith submitted, the Court entered default judgment against Gallitz. Ordinarily, that would be the end of the inquiry, and any interest Gallitz had in the subject property would be extinguished by the default judgment in Civil No. 515/2001. Gallitz has alleged in the instant Complaint, however, that Griffith made a deliberate misrepresentation in two affidavits he filed in Civil No. 515/2001 seeking permission to serve Gallitz by publication. Specifically, Gallitz asserts that Griffith "knew exactly how to contact me and how to service me with personal service but represented to the Court an [sic] incorrect address for me so that I was not personally served." Compl. ¶ 6. Therefore, Gallitz seeks the remedy of setting aside the default judgment entered against her in Civil No. 515/2001.

Defendant's motion asserts several bases for dismissal of Gallitz's action, including preclusion of the action by the language of Rule 60 of the Federal Rules of Civil Procedure, lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2), insufficient service of process pursuant to FED. R. CIV. P. 12(b)(5), failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6), failure to join necessary parties pursuant to Fed. R. Civ. P. 12(b)(7), and laches. As mentioned above, Defendant's attachment of documents other than the pleadings converts the instant motion to one for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure (made applicable to Superior Court by SUPER. CT. R. 7).

## II. Discussion

Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *see Skopbank v. Allen-Williams Corp.*, 7 F. Supp. 2d 601, 605, 39 V.I. 220 (D.V.I. 1998). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Suid v. Phoenix Fire & Marine Ins. Co., Ltd.*, 26 V.I. 223, 225 (D.V.I. 1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A fact is material only if its existence or non-existence will affect the outcome of a lawsuit under applicable law. *Id.* A dispute over a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* The role of the court is not to weigh the evidence for its truth or credibility, but merely to ascertain whether a triable issue of fact remains in dispute. *Id.* The nonmoving party receives "the benefit of all reasonable doubts and inferences drawn from the underlying facts." *Aristide v. United Dominion Constructors, Inc.*, 30 V.I. 224, 226 (D.V.I. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Superior Court Rule 50 governs efforts to set aside default judgments. This rule, in turn, provides that Rules 59 to 61, inclusive, of the Federal Rules of Civil Procedure shall govern such applications. The Virgin Islands Code also contains a statute dealing with the issue of setting aside judgments based upon service by publication, namely V.I. CODE ANN. tit. 5, § 112(e) (1997). In addition, as discussed below, the Court may

entertain Gallitz's independent action through which she seeks to set aside the default judgment.

## A. The Estate's Argument for Dismissal Based on Lack of Personal Jurisdiction

As a preliminary matter, Defendant argues that Gallitz's claim must be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant asserts that because the Estate of William Griffith no longer exists and is not recognized by law, there is no legal theory by which Gallitz could recover from the Estate. The Court agrees.

■ ■ A court cannot exercise jurisdiction over an entity whose existence is not recognized by law. *See, e.g., Schiavone v. Fortune*, 477 U.S. 21, 23 n. 2, 106 S. Ct. 2379, 2381, 91 L. Ed. 2d 18 (1986) (putative defendant publication "Fortune," as mere trademark and internal division of parent corporation, was not a separate legal entity with capacity to be sued). Specifically, a probate estate ceases to have legal existence once it is settled. 1 V.I. Op. A.G. 39-40, No. 1937-8 (Aug. 27, 1937) (liquor license could not be issued to decedent's estate because estate had ceased to exist). On January 25, 2007, this Court closed Probate No. ST-06-PB-78, a probate case that was captioned *In the Matter of the Estate of William R. Griffith*. As a result, Griffith's estate immediately ceased to exist upon the issuance of the Court's January 25, 2007-Order, and the Estate was not in existence at the time that Gallitz filed the instant Complaint six days later. Therefore, the Court cannot exercise personal jurisdiction over the Estate, and it must be dismissed from this case.[1]

## B. Plaintiff's Motion to Join Additional Parties

Despite dismissal of the Estate of William Griffith from this action, Gallitz is not without recourse for her claims. That is because the real parties in interest are William Griffith's heirs-at-law, Katherine Griffith and Margaret Griffith (the "Griffith daughters"), who inherited William's full interest in Shibui Unit #5. Gallitz moves to join Katherine and

---

[1] Because there is no personal jurisdiction over the Estate of William Griffith, the Court need not consider the Estate's alternative procedural argument for dismissal, based on insufficient service of process pursuant to FED. R. CIV. P. 12(b)(5).

Margaret Griffith as necessary parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, which provides, in pertinent part:

**(a) Persons Required to Be Joined if Feasible.**

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest . . .

FED. R. CIV. P. 19(a).

■ The primary inquiry under Rule 19(a)(1)(A) is whether the Court can grant complete relief to persons already named as parties to the action. *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3d Cir. 2007). The Court finds that it could not afford complete relief to Gallitz without the presence of the Griffith daughters, because they now hold title to the condominium unit in which Gallitz claims an interest. Alternatively, the Court also finds, pursuant to FED. R. CIV. P. 19(a)(1)(B)(i), that the Griffith daughters' interest in the condominium is such that disposition of the action in their absence would impede their ability to protect that interest. *See, e.g., Billman v. Alley Assocs.*, 17 V.I. 397, 398-99 (D.V.I. 1980) (granting motion of assignee of leasehold interest to join all subtenants to whom plaintiffs claimed a leasehold was assigned in violation of lease agreement).

Furthermore, there is no indication that it would be infeasible to join the Griffith daughters. In fact, that they showed up in person for a previous status conference in this matter exhibits their willingness to defend their interest in the condominium unit. Therefore, Katherine and Margaret Griffith shall be joined in this action as necessary parties.

Although the Griffith daughters have technically not yet been made parties to this action, the Court shall nevertheless proceed to analyze the Estate's arguments for dismissal of, or, in the alternative, for summary

judgment on Gallitz's claims. The Court believes this is appropriate, for several reasons. First, the Griffith daughters have had notice of this lawsuit for some time. Second, the Griffith daughters could choose to assert similar arguments for dismissal of Gallitz's claims. Indeed, they may very well end up being represented by the same counsel as the Estate was. Finally, conservation of judicial resources demands that the Court take full advantage of oral argument that was made by competent counsel.

## C. Gallitz Does Not Seek Relief Pursuant to Rule 60; Rather, This Is an "Independent Action" to Set Aside the Judgment.

The current version of Rule 60 of the Federal Rules of Civil Procedure, effective December 7, 2007, provides that the court may, on motion and just terms, relieve a party from a final judgment based on fraud, misrepresentation, or misconduct by an opposing party. FED. R. CIV. P. 60(b)(3). In the following subsection, however, such a remedy is qualified. A motion under Rule 60(b)(3) must be made no more than a year after the entry of the judgment. FED. R. CIV. P. 60(c)(1). The Default Judgment rendered in Civ. No. 515/2001 was issued on March 27, 2002. The instant action was filed on January 31, 2007—almost five years later. Therefore, it is clear that Gallitz is not entitled to relief under Rule 60 itself.

Rule 60 makes equally clear, however, that it does not limit a court's power to entertain an independent action to relieve a party from a judgment. FED. R. CIV. P. 60(d)(1). This is what is commonly referred to as the "savings clause" of Rule 60. *Herring v. United States*, 424 F.3d 384, 389 (3d Cir. 2005) (construing previous version of Rule 60). Gallitz's action is precisely the type of independent action that the Court may properly entertain. *See id.* ("an independent action alleging fraud upon the court is completely distinct from a motion under Rule 60(b)"). Gallitz alleges that Griffith obtained the default judgment against her by intentionally misrepresenting her address in two affidavits—essentially, in other words, through a type of fraud. According to Gallitz's theory, if Griffith had not engaged in the fraud, then she would have received personal service of the 2001 litigation, which would have allowed her to answer the original complaint and avoid default judgment.

The Estate acknowledged that the Complaint sounds in fraud. *See* Def.'s Mem. Supp. Mot. to Dismiss 3 ("the fraud alleged in the Complaint is the type of fraud contemplated by FED. R. CIV. P. 60(b)(3)"). The

parties disagree about whether the Complaint adequately alleges "fraud on the court," as mentioned in Rule 60(d)(3). Despite the characterization of the action in her *pro se* Complaint, however, Gallitz is not proceeding under Rule 60 itself but rather through an independent action.[2] Therefore, under clear Third Circuit precedent, she need not allege or prove fraud on the court, as distinguished from mere fraud.[3]

In *Averbach v. Rival Mfg. Co.*, the Third Circuit explicitly stated:

> Neither the text of Rule 60(b) nor its legislative history permits a construction which would limit an independent action for relief from a judgment to "fraud on the court" as distinguished from fraud of some other sort. Indeed, such an attempt by the rule makers to affect rights claimed under the substantive law would probably have exceeded the authority conferred in the Rules Enabling Act, 28 U.S.C. § 2072 (1982).

809 F.2d 1016, 1021 (3d Cir. 1987). The largely structural amendments to Rule 60 since the *Averbach* decision do not impact this analysis. In the Third Circuit, the elements of an independent action to reopen a judgment based on fraud remain identical to the elements required pursuant to a Rule 60(b)(3) motion. *Id.* at 1021-23. Therefore, Gallitz's action should not be dismissed merely because she fails to allege fraud on the court.

## D. The Limitations Period Applicable to Gallitz's Independent Action

Having established that Gallitz may assert an independent fraud claim, the Court must determine which statute of limitations, if any, applies to her claim. The Court disagrees with Gallitz's assertions that there is absolutely no statute of limitations with respect to an independent action, and that the sole limit is laches.

---

[2] *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and the allegations contained therein are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Moreover, after retaining counsel, Plaintiff has clearly taken the position that she is proceeding through an independent action, rather than under Rule 60 itself.

[3] As explained below, however, Gallitz's failure to allege the requisite elements for fraud on the court may impact the Court's willingness to, in the interests of justice, ignore applicable limitations periods.

## 1. Common Law Fraud Provides the Applicable Statute of Limitations

■ The Advisory Committee Notes to Rule 60 specifically state that "[w]here the independent action is resorted to, the limitations of time are those of laches or *statutes of limitations.*" FED. R. CIV. P. 60(b) advisory committee's note (emphasis added). The Third Circuit has elaborated, "The laches or statute of limitations to which the advisory committee note refers [is] to the governing time bars under the law which give rise to the independent cause of action." *Averbach,* 809 F.2d at 1020 (action for relief from judgment based on fraud held not subject to one-year limitation contained in Rule 60).

To the extent that Gallitz's action is governed by the statute regarding the reopening of judgments based on service by publication, that statute provides, in pertinent part, that "[t]he defendant as to whom publication is ordered . . . may in like manner, upon good cause shown, and upon such terms as may be proper, be allowed to defend after judgment and *within one year after the entry of such judgment* on such terms as may be just." V.I. CODE ANN. tit. 5, § 112(e) (1997) (emphasis added). Therefore, Gallitz clearly could not rely on this Code provision, as such a claim would be time-barred. The Court agrees with Gallitz, however, that section 112(e) does not provide the appropriate limitations period, because the Complaint raises the issue of whether the service by publication was fraudulently obtained.

■ Gallitz's independent action is governed by the statute of limitations that governs fraud, the underlying law upon which the claim is based. *See Averbach,* 809 F.2d at 1022 ("The remedy for [relief from judgment based on] fraud must continue to be by motion under Rule 60(b)(3) or by an independent action, subject to the procedural limitations applicable to those remedies."). Fraud is considered a tort in the Virgin Islands, subject to the general tort two-year statute of limitations in V.I. CODE ANN. tit. 5, § 31(5)(A) (1997). *See Ingvoldstad v. Estate of Young,* 19 V.I. 115, 121 (D.V.I. 1982) (fraudulent misrepresentation is tort subject to two-year limitations period); *Fountain Valley Corp. v. Wells,* 98 F.R.D. 679, 19 V.I. 607, 616 (D.V.I. 1983) (same). The Court concludes that, because Gallitz's claim sounds in fraud, the applicable limitations period is the two-year limitations period on actions for common law fraud.

To the extent that Gallitz would have the Court ignore the applicable statute of limitations in the interests of justice or as a matter of equity, the

Court declines to do so in this case. The Third Circuit has stated that "[s]omething more than ordinary fraud may trigger the court's authority to disregard limitations on available relief in an independent action." *Averbach*, 809 F.2d at 1020. Nevertheless, the Court does not believe that this is a case where the plaintiff has alleged something more than ordinary fraud. For example, Gallitz has not alleged sufficient facts for a claim of fraud upon the court, which requires that the fraud be perpetrated by an "officer of the court." *See Herring*, 424 F.3d at 390.[4] The alleged fraud in *Herring* consisted of purportedly fraudulent affidavits submitted by the then-Secretary of the Air Force and then-Judge Advocate General of the Air Force, lawyers who were participating in the litigation though not directly representing the United States. *Id.* The Third Circuit treated these allegations of fraudulent affidavits as alleged "perjury by a witness," which would be insufficient to constitute fraud upon the court. *Id.*

Similarly, in the instant case, Gallitz alleges that Griffith submitted two fraudulent affidavits which caused her not to be served with notice of the 2001 litigation. Even if true, these allegations do not rise to the level of "the most egregious misconduct directed to the court itself," which could justify the Court ignoring the two-year statute of limitations that otherwise governs Gallitz's independent action for fraud. *See Herring*, 424 F.3d at 387.

### 2. The Two-Year Limitations Period Commenced Whenever Gallitz Reasonably Should Have Become Aware of the Alleged Fraud

The Virgin Islands Code states that the limitations period for fraud actions shall be deemed to commence from the discovery of the fraud. V.I. CODE ANN. tit. 5, § 32c (1997). However, pursuant to the well-recognized "discovery rule," courts have interpreted this provision to mean that the limitations period commences when the fraud is discovered by plaintiff or when it *reasonably should* have been discovered by the plaintiff. *See Wells*, 19 V.I. at 616 n. 12 ("This Court has recognized the

---

[4] In *Herring*, representatives of civilians killed in a military plane crash sued the United States, alleging fraud upon the court when the Air Force asserted a military secrets-privilege over the crash's accident report in litigation 50 years before. 424 F.3d at 387-88. The Third Circuit took the opportunity to spell out the elements required for a claim of "fraud upon the court," *id.* at 386-87, apparently because re-opening a 50 year-old judgment could only be achieved upon such a finding. Any applicable statute of limitations had expired long before.

commencement of an action for fraud to include when a person should have known of the fraud . . ."), *aff'd in relevant part, Wells v. Rockefeller,* 728 F.2d 209, 215-16 (3d Cir. 1984) (denying litigant's request to toll accrual of fraud claim because evidence indicated he was aware of business misconduct); *Tobacco and Allied Stocks, Inc. v. Transamerica Corp.,* 244 F.2d 902, 903 (3d Cir. 1957) (limitations period begins to run in fraud cases when plaintiff could have discovered fraud with due diligence or care). *See generally Zeleznik v. United States,* 770 F.2d 20, 23 (3d Cir. 1985) (under the discovery rule, "the statute of limitations begins to run on the first date that the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress").

The burden of proof is on the movant to demonstrate the absence of a genuine issue of material fact surrounding Gallitz's discovery of the alleged fraud perpetrated by Griffith. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-24, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). The applicability of the statute of limitations often implicates factual questions as to when the plaintiff should have discovered the elements of the cause of action. *Mathews v. Kidder, Peabody & Co.,* 260 F.3d 239, 250 (3d Cir. 2001) (citing *Van Buskirk v. Carey Canadian Mines, Ltd.,* 760 F.2d 481, 498 (3d Cir. 1985)). Thus, Defendants bear a heavy burden in seeking to establish as a matter of law that Gallitz's claims are barred. *See id.*

### 3. Fact Issues as to When Gallitz Reasonably Should Have Learned of the Alleged Fraud Preclude Summary Judgment at This Time

There is no dispute that Gallitz was served with constructive notice of Civil No. 514/2001 via publication. The Court issued an order permitting service by publication on September 28, 2001. Def.'s Mem. Supp. Mot. to Dismiss, Ex. B. On November 21, 2001, Griffith filed proof of service by publication, which was stated to be complete as of November 8, 2001. Def.'s Mem. Supp. Mot. to Dismiss, Ex. C. The Default Judgment against Gallitz (who was then known as Montgomery) was entered on March 27, 2002. Def.'s Mem. Supp. Mot. to Dismiss, Ex. D. The Default Judgment order directs that it was to be recorded at the Recorder of Deeds for the District of St. Thomas and St. John. *Id.*

On the other hand, at oral argument, Plaintiff's counsel stated that Gallitz remained unaware of the purportedly fraudulent affidavits despite

efforts to learn of her ownership status of Unit #5, Shibui Condominiums. Counsel stated that Gallitz telephoned the tax assessor's office in St. Thomas on multiple occasions and was informed that her name remained on the tax rolls, indicating partial ownership of the condominium unit. Gallitz does not allege that she perused newspapers of general circulation in the Virgin Islands looking for litigation involving the property, or that she inquired with the Superior Court or the Recorder of Deeds to learn of the Default Judgment entered against her.

It may very well prove, upon further development of the facts, that Gallitz lacked the diligence that would be required in order to prevent accrual of the limitations period, and that she reasonably should have discovered the alleged fraud more than two years before instituting this action. On the current record before the Court, however, Defendants have not met their burden to show the absence of a genuine issue of fact as to whether Gallitz's action is time-barred or whether it was timely brought upon her discovery of the alleged fraud. *See, e.g.*, *In re Mushroom Transp. Co., Inc.*, 382 F.3d 325, 338-40 (3d Cir. 2004) (genuine issues of material fact as to whether debtor exercised reasonable diligence in failing to discover counsel's embezzlement of funds at earlier date precluded finding that ERISA action was time-barred as a matter of law). Therefore, entry of summary judgment in favor of Defendants is inappropriate, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## E. Defendant's Argument for Dismissal Based on Laches

Laches is an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure that bars a plaintiff's claim when there has been an inexcusable delay in prosecuting the claim in light of the equities of the case, as well as prejudice to the defendant from the delay. *St. Thomas-St. John Bd. of Elections v. Daniel*, 2007 V.I. Supreme LEXIS 1 at 9 (V.I. 2007). "Laches requires proof of: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Costello v. United States*, 365 U.S. 265, 282, 81 S. Ct. 534, 543, 5 L. Ed. 2d 551 (1961).

Laches is rarely subject to summary judgment. *Waddell v. Small Tube Prods., Inc.*, 799 F.2d 69, 74 n. 2, 77 (3d Cir. 1986) ("The arguments on each side of the laches issue have merit. Neither party is so clearly entitled to a decision that we can say that as a matter of law the decision should be made in its favor."). *See also Country Floors, Inc. v.*

*Partnership of Gepner and Ford*, 930 F.2d 1056, 1066 (3d Cir. 1991) (because the disposition of a laches defense can only be made "by a close scrutiny of the particular facts and a balancing of the respective interests and equities of the parties, as well as of the general public, it usually requires the kind of record only created by full trial on the merits") (internal citation omitted).

 For the same reasons discussed above with respect to the entry of summary judgment on Gallitz's claims, *supra* at Part II.D.3, the Court believes that the existence of genuine issues of material fact as to the excusability of any delay by Gallitz, and any resultant prejudice to Defendants, preclude summary judgment for Defendants on a theory of laches.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's motion to file a sur-reply brief is **GRANTED** *nunc pro tunc*; sand it is further

**ORDERED** that Plaintiff's motion to join additional defendants, Katherine Griffith and Margaret Griffith, as the real parties in interest, is **GRANTED**; and it is further

**ORDERED** that Defendant's Motion to Dismiss, which the Court converted to a Motion for Summary Judgment, is **DENIED** as to Defendants Katherine Griffith and Margaret Griffith; and it is further

**ORDERED** that Plaintiff shall serve Katherine Griffith and Margaret Griffith with the Summons and a Complaint amended to reflect the new parties; and it is further

**ORDERED** that if Plaintiff does not know the mailing addresses for Katherine Griffith and Margaret Griffith, then counsel for the Estate of William Griffith shall provide them to Plaintiff;

**ORDERED** that Plaintiff shall serve Katherine Griffith and Margaret Griffith with the Summons and a Complaint amended to reflect the new parties; and it is further

**ORDERED** that if Plaintiff does not know the mailing addresses for Katherine Griffith and Margaret Griffith, then counsel for the Estate of William Griffith shall provide them to Plaintiff; and it is further

**ORDERED** that Katherine Griffith and Margaret Griffith shall answer or otherwise plead to the Amended Complaint pursuant to the rules of this Court; and it is further

**ORDERED** that Defendant's Motion to Dismiss shall be **GRANTED** as to Defendant, The Estate of William R. Griffith, which party shall be

DISMISSED with prejudice upon Plaintiffs filing of an Amended Complaint and the Court's acquiring personal jurisdiction over Katherine Griffith and Margaret Griffith; and it is further

**ORDERED** that a copy of this Memorandum Opinion be directed to James M. Derr, Esq., counsel for Plaintiff, and Michael E. Fitzsimmons, Esq., counsel for Defendant.