ERNA G. SIMMONS, Plaintiff

v.

EDWARD J. OCEAN, Defendant

Civil No. 93/1981

District Court of the Virgin Islands

Div. of St. Croix

August 16, 1982

MICHAEL S. MCLAURIN, ESQ., St. Croix, V.I., *for plaintiff*

JOHN B. NICHOLS, ESQ., Christiansted, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Defendant, Edward J. Ocean ("Ocean"), has moved to dismiss the plaintiff's complaint for legal malpractice on the grounds that it is barred by the two-year statute of limitations. For the reasons which follow, this Court finds that the claim of plaintiff, Erna J. Simmons ("Simmons"), is time barred by the two-year statute of limitations and will therefore grant defendant's motion and dismiss the action.

## FACTS

In her verified complaint filed with this Court on April 9, 1981, Simmons basically claims that Ocean was negligent in the handling of certain legal matters which he performed, or failed to perform, for her.[1] Simmons first retained Ocean after she was discharged from her job of 19 years at the Department of Public Safety, allegedly for political and/or nonmerit reasons. Ocean was retained by, and represented, Simmons at the hearing before the Government Employees Service Commission ("GESC") on March 18, 1975, appealing her termination. Simmons contends that although an unfavorable decision was rendered against her on April 1, 1975, Ocean failed to notify her of such decision. It was not until July 28, 1975, that Simmons allegedly learned of the GESC's determination, at which time the 30 days in which an appeal could have been filed had expired.

At Simmons' request, Ocean then filed a petition for writ of review of the GESC decision on August 20, 1975, in the District Court. According to Simmons, Ocean prepared this pleading improperly and as a result the District Court denied the petition for review. Thereafter, in November 1975, Ocean filed a motion for reconsideration of the denial of the petition for review, which motion was denied on July 12, 1978, some 2½ years later.

During the period in which the motion for reconsideration was being decided by the District Court, Simmons complained by letter dated June 20, 1978, to the V.I. Bar Association Committee on Professional Ethics and Grievances (the "Committee") about Ocean's alleged negligent legal representation of her cause. As stated previously, the motion for reconsideration was finally denied on July 12, 1978. It appears to this Court that the Committee concluded its investigation on September 25, 1978, as evidenced by a letter from the Committee to Simmons on that date. Nevertheless, Simmons

---

[1] Ocean is an attorney licensed to practice law in the Virgin Islands.

steadfastly maintains that the investigation concluded on June 20, 1979.[2]

■ Plaintiff's action for legal malpractice was instituted on April 9, 1982. This Court, in Ingvoldstad v. Estate of Young, 19 V.I. 115 (D.V.I. 1982), has previously held that legal malpractice is subject to the general tort two-year statute of limitations in 5 V.I.C. § 31(5)(A). To prevent her claim from being time barred, Simmons avers that the two-year statute of limitations should not commence to run until June 20, 1979, the date on which she claims the Committee's investigation regarding Ocean's alleged negligence was terminated.[3]

■ ■ Section 31(5)(A) of Title 5 of the V.I. Code provides that a civil action shall be commenced within two years "after the cause of action shall have accrued." Under the traditional view, a statute of limitations begins to run upon the occurrence of the essential facts which constitute the cause of action. Wilcox v. Executors of Plummer, 29 U.S. 172, 180 (1830). This means that with respect to an attorney's negligent act or omission, the action accrues at the time of such negligent act or omission, and the statute runs from that date. See, e.g., Sasso v. Koehler, 445 F.Supp. 762, 768 (D. Md. 1978).

■ ■ It can be said that the latest possible date of an attorney's negligent omission is when the negligence becomes irreversible. In Bland v. Smith, 277 S.W.2d 377, 380–81 (Tenn. 1955), for example, plaintiff's suit for her attorney's alleged negligent handling of a divorce suit was held to have accrued when the final decree in the divorce was entered. In the area of litigation, a cause of action for an attorney's failure to file within a statutory limitation arises when the client's action is prescribed. See, e.g., Galloway v. Hood, 43 N.E.2d 631, 632 (Ohio 1941).

■ Applying the "accrual" rule to the facts at bar, it is clear that the latest day on which Ocean's alleged negligence might have

---

[2] The facts are in dispute by the parties as to the date of the conclusion of the investigation by the Committee. Ocean's position is that Simmons was notified by a letter from the Committee, dated September 25, 1978, that the file on her grievance had been closed, with no disciplinary action to be taken. Subsequently, Simmons is said to have submitted another letter, on September 28, 1978, to the Committee reiterating her previous allegations. See Defendant's Reply Memorandum to Plaintiff's Opposition to Dismiss Complaint, dated August 3, 1982, at 2–3 and Exhibit G attached thereto.

[3] Plaintiff's memorandum in opposition to defendant's motion to dismiss complaint, filed July 20, 1982 ("Plaintiff's Memorandum in Opposition"), at 4.

occurred was August 12, 1978. Our determination is based on the following reasoning. Simmons' motion for reconsideration was denied on July 12, 1978. Any appeal to the Third Circuit from that decision was required to have been filed within 30 days. Therefore, giving Simmons every advantage, the latest date Ocean's alleged negligence would have become irreversible, that is, leaving Simmons with no remaining recourse, was on August 12, 1978.[4]

▆ Under the second rule, the "damage rule", a cause of action is not found to have accrued until actual, rather than nominal, damages have occurred. See Fort Myers Seafood Packers, Inc. v. Steptoe and Johnson, 381 F.2d 261, 262 (D.C. Cir.), cert. denied, 390 U.S. 946 (1967). The California Supreme Court, in Budd v. Nixen, 491 P.2d 433, 435 (Cal. 1971), explained the rule to mean that:

> The mere breach of a professional duty, causing only nominal damages, speculative harm, or threat of future harm—not yet realized—does not suffice to create a cause of action for negligence. Hence, until the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice. (Citations and footnote omitted.)

This rule is often applied when a plaintiff claims error by counsel in the preparation of a will, since the injury cannot occur until the death of the attorney's client. See, e.g., Heyer v. Flaig, 449 P.2d 161, 166 (Cal. 1969). Insofar as Simmons' actual damages occurred when she was terminated from her job, it is difficult to apply the damage rule to this action. However, expanding the damage rule as far as possible, it could be argued that Simmons sustained actual damages on August 13, 1978, the date on which she was left with no legal remedies regarding her termination.

▆ Two other rules must be mentioned briefly, although they basically toll or defer the accrual of an action. In an effort to preserve the attorney-client relationship and to enable the attorney to correct his mistakes, several states have adopted the "continuous

---

[4] See Hunt v. Bittman, 482 F.Supp. 1017, 1022 (D.D.C. 1980), wherein E. Howard Hunt, Jr., a convicted Watergate burglar and conspirator who pled guilty, sued his former defense counsel and the general partners of the counsel's law firm, for negligently and inadequately representing him in the Watergate case. The court concluded that for statute of limitations purposes, the injury to Hunt occurred no later than the date he was sentenced to prison and immediately incarcerated, and that the failure of subsequent motions or appeals did not change the date of the initial injury or create a later date of injury.

representation" rule. Pursuant to this view, which is premised on the concept of continuous treatment in medical malpractice cases, the statute of limitations begins to run, not from the time of the attorney's negligent acts or omissions, but from the termination of the attorney-client relationship. See Keaton Co. v. Kolby, 271 N.E.2d 772, 774 (Ohio 1971); Dolce v. Gamberdino, 376 N.E.2d 273, 275 (Ill. App. Ct. 1978); Siegel v. Kranis, 288 N.Y.S.2d 831, 834 (2nd Dep't 1968).

■ Neither of the parties has stated when the attorney-client relationship between Simmons and Ocean terminated. However, it seems safe to assume that it had ended by June 20, 1978, the date on which Simmons initially filed her grievance with the Committee and more than two years prior to the filing of the complaint.[5]

■ Finally, we acknowledge that a statute of limitations for legal malpractice may be tolled until the client discovers, or should reasonably have discovered, the malpractice. See Ingvoldstad v. Estate of Young, 19 V.I. 115 (D.V.I. 1982); Mumfort v. Staton, Whaley & Price, 255 A.2d 359, 367 (Md. 1969). While this Court is in agreement with the discovery rule, we find that the application of the rule does not preserve plaintiff's claim. The correspondence between Simmons and the Committee, principally Simmons' letter dated June 20, 1978, is clear proof that Simmons had discovered by that time what she deemed to be Ocean's alleged negligence. Assuming the statute began to run on June 20, 1978, Simmons' claim would be untimely.

■ This Court does not agree with Simmons' argument that the investigation by the Committee of her grievance against Ocean somehow tolled the running of the statute of limitations.[6] Simmons would have us believe either that a separate cause of action was created on June 20, 1979, or that she, for the first time, discovered the alleged wrongs of her attorney on that date. Plaintiff's position, which we note is without legal or factual support, must be rejected.

At this time it is unnecessary for the Court to decide which rule,

---

[5] See Gilbert Properties, Inc. v. Millstein, 338 N.Y.S.2d 370, 371 (1st Dep't 1972), aff'd, 307 N.E.2d 257 (N.Y. 1973), wherein a malpractice action against an attorney for suing the wrong party in a property damages action was held to have accrued on the date the attorney-client relationship terminated, and *not* on the date the Appellate Division reversed the lower court judgment against the wrong owner.

[6] Simmons states that she "discovered her right to cause of action on June 20, 1979". Plaintiff's Memorandum in Opposition, at 4.

regarding the accrual of a legal malpractice cause of action, should be applied in the Virgin Islands. This is because, under all of the rules discussed above and viewing the facts and pertinent dates in the light most favorable to plaintiff, the latest date on which plaintiff's cause of action accrued was on August 13, 1978. Since the statute of limitations began to run on that date and the instant malpractice suit was not filed till April 9, 1981, the suit is barred by the two-year statute of limitations.

## ORDER

This Court, having considered defendant's motion to dismiss complaint because of statute of limitations and plaintiff's opposition thereto, and for the reasons set forth in the foregoing memorandum opinion, now then it is

ORDERED:

THAT defendant's motion to dismiss complaint because of statute of limitations be, and hereby is, GRANTED.