JOHN PHAIRE, Plaintiff/Appellee

v.

ROSA JULIA GONZALEZ PHAIRE, BANCO POPULAR DE PUERTO RICO, GOVERNMENT OF THE VIRGIN ISLANDS, and ALL PERSONS HAVING OR CLAIMING AN INTEREST OR ESTATE IN PLOT No. 139 SION FARM, ST. CROIX, VIRGIN ISLANDS, Defendants/Appellants

D.C. Civil No. 1988-327

T.C. Civil No. 1062/1987

District Court of the Virgin Islands

Div. of St. Croix

August 24, 1989

ANTOINE L. JOSEPH, ESQ., St. Croix, V.I., *for appellee*

LEE J. ROHN, ESQ., St. Croix, V.I., *for appellant*

BEFORE: O'BRIEN, *Presiding Judge*; McGLYNN,** *U.S. District Judge*; and SMOCK, *Territorial Court Judge*

## OPINION

PER CURIAM

The defendant, Rosa Julia Gonzalez, Phaire ("Rosa Phaire"), appeals from an order of the Territorial Court of the Virgin Islands (the "trial court"), in which Rosa Phaire and the plaintiff, John W. Phaire ("John Phaire"), were declared to be tenants in common of certain real property described as Plot No 139 Sion Farm, St. Croix, Virgin Islands ("the property"). The trial court further found that the property could not be partitioned without great prejudice to the owners, and therefore, ordered its sale and appointed a referee for that purpose. V.I. Code Ann. tit. 28, § 458 (1975).

### I.

The facts are uncomplicated. John Phaire and Rosa Phaire were formerly husband and wife, and were divorced on April 8, 1983. Prior to the divorce, the parties purchased the property as tenants in common from the Government of the Virgin Islands. The record does not reflect when the parties resided in the property, either singly or together, or what their respective financial contributions were, but the genesis of this appeal is Rosa Phaire's contention that she not only resided on the property the majority of the time since its purchase but also was the major financial contributor regarding the property's upkeep including, but not limited to, mortgage payments to the defendant Banco Popular de Puerto Rico. In

---

** The Honorable Joseph L. McGlynn, Jr. is sitting by designation from the U.S. District Court of Pennsylvania.

December 1987, John Phaire filed this partition action against Rosa Phaire, alleging, among other things, that he and Rosa Phaire were, "tenants in common holding equal shares and interests" in the property, and requested that it be partitioned according to law. Record at 41. He further demanded an accounting by Rosa Phaire of the rents and profits collected by her concerning the property. Banco Popular do Puerto Rico and the Government of the Virgin Islands were joined as defendants pursuant to V.I. Code Ann. tit. 28, § 452.[1]

Rosa Phaire's prior counsel filed a general denial to John Phaire's amended complaint, stating only as an affirmative defense that the complaint failed to state a cause of action upon which any relief could be granted to John Phaire. She therefore failed to comply with V.I. Code Ann. tit. 28, § 456, which requires that a defendant to partition,

> shall set forth in his answer the nature and extent of his interest in the property, and if he is a lien creditor, how such lien was created, the amount of the debt secured thereby, and remaining due, and whether such debt is secured in any other way, and if so, the nature of such other security.

Rosa Phaire did not set forth her legal interest as a tenant in common, nor set forth any claim for an equitable lien against John Phaire's interest in the property. During the course of the trial on June 23, 1988, the trial court granted John Phaire's oral motion to strike the answer of Rosa Phaire for failure to comply with the requirements of section 456. Thereafter, the quitclaim deed of the parties was entered into evidence reflecting their tenancy in common, and John Phaire established the fact that the property could not be physically partitioned between the parties, "without great prejudice to the owners." V.I. Code Ann. tit. 28, § 458. Perhaps because her answer had been stricken by the trial court, counsel for Rosa Phaire did not call her client to the stand or otherwise make any attempt to establish Rosa Phaire's alleged

---

[1] At the time of the hearing, John Phaire's counsel agreed with Banco Popular de Puerto Rico that it could, "submit an affidavit reflecting the mortgage balance and as to whatever interest there may be due." Record at 3. Rosa Phaire never agreed or objected to the proposed stipulation. The defendant, Government of the Virgin Islands, appeared only for the purpose of stating that it took, "no posture in this matter." Record at 4. The Government thus waived any rights it might have had pursuant to Paragraph 2 of the quitclaim deed dated September 15, 1969 between the Government and Rosa Phaire and John Phaire.

monetary claims arising out of her upkeep and maintenance of the property.[2]

Following the trial Rosa Phaire secured new counsel, who promptly moved for a new trial, which was thereafter denied. This appeal followed.

## II.

Rosa Phaire concedes that her answer did not comply with V.I. Code Ann. tit. 28, § 456, but argues that the trial court abused its discretion in failing to construe trial counsel's vague statements at the trial as a motion to amend her answer pursuant to Fed. R. Civ. P. 15(a) and thereafter failing to grant it. Even if the trial court had not struck the answer of Rosa Phaire, and had somehow construed it to allege an "interest"[3] by Rosa Phaire in the property, we find that, at most, she asserted a legal interest. Nowhere in the scanty pleadings or arguments of counsel was there the slightest indication that Rosa Phaire was raising as an affirmative defense the assertion of an equitable lien in John Phaire's interest. Nevertheless, her failure to properly plead an equitable interest in the property at the time of the initial hearing may not defeat all of Rosa Phaire's monetary claims, because we hold that they may be presented later to the referee appointed by the trial court. Thus, we find it unnecessary to address the issue of the trial court's possible abuse of discretion in striking her answer.

■ Contrary to Rosa Phaire's assertion that the trial court determined that net proceeds from the sale of the property should be "divided equally between the two parties,"[4] the trial court found only that the parties were tenants in common, and limited further findings to those required by V.I. Code Ann. tit. 28, §§ 457, 458.[5] Where two persons take under a deed as tenants in common, and

---

[2] Counsel began to make a half-hearted stab at the issue in her cross-examination of John Phaire, Record at 16–17, but never followed through on it.

[3] Record at 9.

[4] Brief of Appellant, p. 3.

[5] Those sections provide:

> The rights of the several parties, plaintiffs as well as defendants, may be put in issue, tried, and determined in a partition action. Where a defendant fails to answer, or where a sale of the property is necessary, the title shall be ascertained by proof to the satisfaction of the court before the judgment for partition or sale is given.
>
> V.I. Code Ann. tit. 28, § 457.

the deed does not recite their  interests, the presumption must be that the shares of the parties are equal. Williams v. Monzingo, 16 N.W.2d 619, 621 (Iowa 1944) (citation omitted); Loring v. Palmer, 118 U.S. 321 (1886).[6]

Rosa Phaire does not dispute this principle. Rather, she alleges that she has an equitable lien on John Phaire's interest due to the fact that she contributed a disproportionate share of monies to the upkeep and maintenance of the property. As noted earlier, this issue was not presented at the June 23, 1988 trial nor, for that matter, was John Phaire's request for an accounting from Rosa Phaire. Upon remand, both parties shall be given an opportunity to present their respective claims to the referee.

The trial court appointed a referee pursuant to V.I. Code Ann. tit. 28, § 458, although his or her name was not placed on the record. Under Virgin Islands law regarding partitions, a referee has several responsibilities. As in this case where the trial court has already determined that partition cannot be made without great prejudice to the owners, the referee must:

1. Establish a list of lien creditors, together with the amounts due and owing to each, as well as their respective priorities, V.I. Code Ann. tit. 28, §§ 466, 468;

2. conduct a sale of the property, V.I. Code Ann. tit. 28, §§ 476, 477; and

3. properly distribute the proceeds of any sale, V.I. Code Ann. tit. 28, § 471.

---

If it is alleged in the complaint and established by evidence, or if it appears by the evidence, without such allegation in the complaint, to the satisfaction of the court, that the property, or any part of it, is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof, and for that purpose may appoint one or more referees. Otherwise, upon the requisite proofs being made, the court shall adjudge a partition according to the respective rights of the parties, as ascertained by the court, and appoint three referees therefor. The court shall designate the portion to remain undivided for the owners whose interests remain unknown or not ascertained.

V.I. Code Ann. tit. 28, § 458.

[6] The Supreme Court there held that:

[T]he rule in Michigan, as well as in all other States where the principles of the common law prevail, is that where a conveyance of lands is made to two or more persons, and the instrument is silent as to the interest which each is to take, the presumption will be that their interests are equal.

118 U.S. at 341 (citations omitted).

■ In making a recommendation to the court concerning distribution of proceeds of a sale, a referee is granted broad powers to determine the rights of all parties.[7] V.I. Code Ann. tit. 28, § 475 provides:

> When the proceeds of sales of any shares or parcel belonging to persons who are parties to the action, and who are known, are paid into court, the action may be continued as between such parties for the determination of their respective claims thereto, which shall be ascertained and adjudged by the court. Further testimony may be taken in court, or by a referee, at the discretion of the court, and the court may, if necessary, require such parties to present the facts or law in controversy, by pleading, as in an original action.

Thus the monetary claims of both John Phaire and Rosa Phaire may still be determined by the trial court, if it wishes, or by the referee, although subject to later confirmation by the trial court. It is clear that these claims may be made without delaying the sale of the property. V.I. Code Ann. tit. 28, § 473. See also Kendrick v. Ward, 21 So.2d 676, 678 (Ala. 1945).

■ It is common in many jurisdictions for a referee to declare the respective monetary obligations or credits to be accorded the parties. See, e.g., Costa v. Patalino, 450 N.Y.S.2d 895 (App. Div. 1982); Rosenbaum v. Rosenbaum, 382 N.E.2d 270 (Ill. 1978).[8] In this case, the referee will be directed to determine all monetary claims of the parties, as well as that of the defendant, Banco Popular de Puerto Rico. This will prevent a possible injustice to Rosa Phaire, who would otherwise be left to lament that she defended, "a little patch of ground that hath in it no profit but the name."[9] In disposing of such claims, however, the parties and the referee should keep in mind that

---

[7] Fed. R. Civ. P. 53 has analogous procedures relating to the appointment of special masters by the District Courts. Under that rule, the District Court may appoint a master in a civil action, and in doing so may direct to that master an order of reference, detailing powers and responsibilities.

[8] Even in cases not involving formal partition, a tenant may bring an action against a co-tenant who has received more than his share of rents and profits arising from the property. V.I. Code Ann. tit. 28, § 7(a).

[9] William Shakespeare, *The Tragedy of Prince Hamlet, Prince of Denmark*, Act IV, Sc. 4.

when a co-tenant in possession seeks contribution for amounts expended in the improvement or preservation of the property, his claim may be offset by the value of his or her use of the property which has exceeded his or her proportionate share of ownership.

Barrow v. Barrow, 527 So.2d 1373, 1376 (Fla. S. Ct. 1988).

Upon remand, the trial court shall issue an order of reference providing, among other things, that the referee:

1. Require the defendant, Banco Popular de Puerto Rico, to submit affidavits or other proof concerning the amount of its outstanding mortgage on the property;
2. direct John Phaire and Rosa Phaire to submit (a) evidence of all payments they have made concerning maintenance and payment of mortgages, liens and taxes on the property, (b) evidence of all improvements made to the property, as well as their costs, (c) a statement of all rents and profits received by the parties concerning the property, and (d) evidence of the periods of time they have resided on the property, either together or apart;
3. sell the property according to law; and
4. submit the report to the trial court following the sale, stating the amount of the proceeds received and how he or she proposes that they be distributed pursuant to V.I. Code Ann. tit. 28, § 471.

Following receipt of the referee's report, all parties shall have the opportunity to file any objection thereto, and to request a further hearing before the trial court.

■ For all of the above reasons, the appeal of Rosa Phaire will be dismissed, and the matter remanded to the trial court for further action consistent with this opinion.