ROSA JULIA GONZALEZ PHAIRE a/k/a ROSITA PHAIRE,
Plaintiff

v.

LUCIA A. GALIBER–BABB, ESQ., Defendant

Civil No. 734/90

Territorial Court of the Virgin Islands

Div. of St. Croix

June 26, 1991

144

LEE J. ROHN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

DOUGLAS L. CAPDEVILLE, ESQ., Christiansted, St. Croix, V.I., *for defendant*

ELTMAN, *Judge*

## MEMORANDUM OPINION

In this action for legal malpractice, the defendant moves for summary judgment on the grounds that the claim is barred by the passage of the two-year statute of limitations. 5 V.I.C. § 31(5)(A). The motion will be granted.

### FACTS

In 1986, the plaintiff, Rosa Julia Gonzalez Phaire, a/k/a Rosita Phaire ("Phaire") retained the defendant Lucia A. Galiber-Babb, Esq. ("Galiber-Babb"), to represent her in a partition action which Phaire's ex-husband had brought in connection with Plot 139 Sion Farm. (Terr. Ct. Civil No. 327/88).

As recited by the Appellate Division of the District Court in Phaire v. Phaire, 24 V.I. 311 (D.C. App. Div. 1989), Galiber-Babb did virtually nothing to effectively represent her client. At trial, which was held on June 23, 1988, the answer which Galiber-Babb had filed was stricken for legal insufficiency. As a result, Phaire was never able to present her defense, later expressed to the Appellate Division, id. at 312, that she was the primary occupant of the premises and had contributed the majority of funds needed for its maintenance, including mortgage payments. In addition, Galiber-Babb failed to cross-examine the plaintiff's witnesses in any meaningful way.

The Territorial Court declared the parties to be tenants in common and, finding that it would be impractical to physically divide the property, ordered its sale and appointed a referee for that purpose, pursuant to 28 V.I.C. § 458.[1] The judgment did not, however, determine the equitable interests of the parties. Phaire thereupon retained substitute counsel, who first unsuccessfully moved for a new trial and then filed an appeal. Phaire v. Phaire, supra.

The Appellate Division dismissed the appeal of Rosa Phaire and remanded the matter to the trial court so that the sale of the property could proceed. Phaire v. Phaire, supra. The Appellate Division noted that, while there is a presumption that tenants in common have equal shares in the subject property, the presumption may be overcome by a finding of different equitable interests. The order of remand therefore directed the trial court to determine the equitable interests of the parties and distribute the proceeds of the sale accordingly. Apparently, such equitable interests have not yet been fixed and the property has not yet been sold.

Phaire commenced this action for legal malpractice on August 29, 1990. Her complaint alleges that Galiber-Babb's negligence caused her to suffer damages consisting of the possible loss of her home, loss of her equity in the property, attorneys' fees, and emotional distress resulting in physical illness, mental anguish and loss of enjoyment of life.

In her motion for summary judgment, Galiber-Babb argues that this action is governed by a two-year statute of limitations and therefore is time-barred. It is not disputed that the complaint was filed more than two years after (a) June 23, 1988, the date of trial when the defendant allegedly committed malpractice, (b) June 28, 1988, the date when Phaire's new attorney entered her appearance, (c) July 5, 1988, the date of the motion for a new trial, or (d) July 29, 1988, the date when the motion for a new trial was denied.

---

[1] 28 V.I.C. § 458. Order of sale or partition; appointment of referees

If it is alleged in the complaint and established by evidence, or if it appears by the evidence, without such allegation in the complaint, to the satisfaction of the court, that the property, or any part of it, is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof, and for that purpose may appoint one or more referees. Otherwise, upon the requisite proofs being made, the court shall adjudge a partition according to the respective rights of the parties, as ascertained by the court, and appoint three referees therefor. The court shall designate the portion to remain undivided for the owners whose interests remain unknown or not ascertained.

Phaire opposes the motion for summary judgment on the basis of three theories. First, she maintains that, because her equitable interest in Plot 139 Sion Farm remains to be determined and the property has yet to be sold and the proceeds distributed, she has not yet suffered any actual property loss on account of her lawyer's negligence; therefore, the statute of limitations has not begun to run. Second, she concedes that the statute of limitations actually has begun to run, though not because of any direct damage resulting from the partition of the property. Rather, she contends that, while the impending loss of her home and associated stress caused her to become ill, she was not aware of the cause of her illness until February 13, 1989, when she first sought medical treatment. Consequently, according to her, the complaint was timely filed. Finally, Phaire claims that this malpractice action is governed not by a two-year tort statute of limitations but instead by a six-year contract statute of limitations.

## DISCUSSION

### I. *Has the Statute of Limitations Begun to Run?*

Phaire contends that until the parties' equities in the property are determined and the sale actually conducted, she has no identifiable damages. She relies on Budd v. Nixen, 491 P.2d 433 (Cal. 1971), an opinion cited with approval in several Virgin Islands cases. Simmons v. Ocean, 19 V.I. 232 (D.C.V.I. 1982); Moorehead v. Miller, 21 V.I. 79 (D.C.V.I. 1984). In Budd, supra, the California Supreme Court held that where a client has discovered his attorney's negligence but has not yet suffered consequential damages, a cause of action for malpractice has not yet accrued. Since a necessary element for a legal malpractice claim as a species of negligence is actual damage to the plaintiff, Phaire's assertion that she does not yet know if she has been damaged is a basis for dismissal.

> If the allegedly negligent conduct does not cause damage, it generates no cause of action in tort. The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence.

Budd v. Nixen, supra at 436. Accepting Phaire's own argument, therefore, the statute of limitations would not have begun to run, this claim would be premature, and the action must be dismissed.

■■ However, it is not necessary that all or even most of the damages already have happened in order for a cause of action for legal malpractice to accrue. Rather, it is sufficient if any appreciable and actual harm which arose from the malpractice has occurred. Simmons v. Ocean, supra; Budd v. Nixen, supra. Here, Phaire is seeking damages for attorneys' fees paid to the defendant and those which she has been ordered to pay as the losing party in the partition action, along with the costs of her appeal. In addition, she claims to have suffered physically and emotionally because of her attorney's negligence. Therefore, even though the partition action is not yet concluded, her cause of action has already accrued.

## II. *When Did the Statute of Limitations Commence?*

Phaire maintains that, while she became seriously ill on account of the stress resulting from the impending loss of her home, she did not discover the connection for some time. She became sick shortly after the trial, but she did not know then that she was sick because of the problems her attorney's inadequacy had caused her. She claims in her opposition to the motion for summary judgment that she filed this malpractice action less than two years after she discovered that it was Galiber-Babb's negligence which had caused her to become ill.

■ The Virgin Islands follows the modern rule that the statute of limitations commences to run on a malpractice claim from the time when the client knows or should know the facts which will support such a claim. Moorehead v. Miller, supra. Phaire does not suggest that she did not know during or shortly after the June, 1988, trial that her attorney had been negligent. Rather, the issue is when she knew or should have known that she had been damaged as the result of Galiber-Babb's alleged malpractice.

In her March 25, 1991, affidavit submitted in opposition to summary judgment, Phaire claimed that she did not discover the cause of her illness until after February 13, 1989, when she first sought medical treatment. Were that date accepted as the discovery date, this action, filed on August 29, 1990, might well be considered timely. At the very least, there would be an issue of fact precluding summary judgment.

Earlier in this litigation, however, and before the defendant moved for summary judgment, Phaire answered Galiber-Babb's first set of interrogatories in a manner quite inconsistent with her later affidavit in opposition to summary judgment. Interrogatory 16 asked Phaire to:

148

Set forth in detail each and every injury which you claim to have received as a result of the alleged malpractice described in your Complaint, including but not limited to the first date you sought professional treatment therefor, and each date subsequent thereto.

Phaire answered:

I suffered loss of sleep, nervous anxiety, I was unable to work for 2 weeks after the court order, because I was sick from learning my home would be sold, after that I was sick off and on with Acute Emotional Bronquial Asthmatic (sic) condition for which I sought medical attention. In November 1988, I went to the Hospital Emergency Room which I done (sic) on least 15 times since then. In February 1989, and November 1990, I was hospitalized for the condition. I am on constant medication for my condition and the medicine is very strong. I continue to suffer from deep depression, nervousness, anguish, insomnia as well. (Sic.)

There is no plausible interpretation of this interrogatory answer but that Phaire became ill shortly after the trial on June 23, 1988, and that she knew she was sick on account of what had transpired in court. While her interrogatory answer states that she became sick after an unspecified "court order", the only orders which she obviously could possibly be referring to are the July 5, 1988, judgment or the July 29, 1988, order denying her motion for a new trial. Since she states that she went to the hospital in November, 1988, she could not be referring to the August 24, 1989, order of the Appellate Division which dismissed the appeal.

■■ The Third Circuit has recently reiterated the settled and salutary rule that when a non-movant's affidavit contradicts an earlier sworn statement, the trial court may ignore the affidavit in its consideration of a motion for summary judgment. Hackman v. Valley Fair, Nos. 90-5916, 91-5190 (3d.Cir., filed May 3, 1991). "[T]he objective of summary judgment would be seriously impaired if the [trial] court were not free to disregard the conflicting affidavit." Martin v. Merrill Dow Pharmaceuticals, Inc., 851 F.2d 703, 706 (3d Cir. 1988). Because it directly contradicts her earlier interrogatory answer, the affidavit of Rosa Phaire in opposition to the motion for summary judgment therefore will be disregarded. Accordingly, the Court concludes that this action was filed more than two years since the accrual of the claim for personal injuries arising from the defendant's alleged malpractice.

III. *Tort or Contract Statute of Limitations?*

Having determined that this action for malpractice was filed more than two years after it accrued, the Court must now decide whether or not it is time-barred. Phaire argues that dismissal is not warranted because this action sounds in contract and is subject to a six-year statute of limitations.

■ Legal malpractice ordinarily is subject to the two-year statute of limitations applicable to tort actions. 5 V.I.C. § 31(5)(A). Moorehead v. Miller, supra; Simmonds v. Ocean, supra; Ingvoldstad v. Estate of Young, 19 V.I. 115 (D.C.V.I. 1982). However, where the action is based upon the non-performance of a specific undertaking or promise contained in an agreement between the lawyer and the client, a legal malpractice claim may sound in contract and therefore be subject to the six-year contract statute of limitations. 5 V.I.C. § 31(3)(A).[2] Ingvoldstad, supra at 127.

In Ingvoldstad, Judge O'Brien made clear that legal malpractice ordinarily falls under the same two-year period of limitations as does a claim for medical malpractice. The opinion contains the caveat, however, that the application of the two-year term is expressly limited "to those actions which, although claiming a breach of contract, do not allege a breach of particular promise or duty specified in the

---

[2] Section 31 provides in pertinent part:

Time for commencement of various actions

Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:

(3) Six years—

(A) An action upon a contract or liability, express or implied, excepting those mentioned in paragraph 1(c) of this section.

(B) An action upon a liability created by statute, other than a penalty or forfeiture.

(C) An action for waste or trespass upon real property.

(D) An action of taking, detaining, or injuring personal property, including an action for the specific recovery thereof.

(5) Two years—

(A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code. 5 V.I.C. § 31 (Supp. 1981).

alleged contract but only claim a general breach of legal fiduciary duty." Id. at 127.

In her affidavit supporting the motion for summary judgment, Galiber-Babb states, in relevant part:

> In 1988, I represented Rosita Phaire in a Partition action brought by her ex-husband. There was no retainer agreement executed between Ms. Phaire and me, nor was there any contract involved. Likewise, I never made any promise nor assumed any specific result in the case, to anyone, orally or in writing.

Nevertheless, Phaire argues that there is a genuine issue of material fact as to whether this action is based on tort or contract because of Phaire's answer to the following interrogatory:

> 3. List in detail exactly when and for what specific purpose you have *ever* retained or used the legal services of Defendant up to the present time. Including in your answer, the terms of such retainer or representation. (Emphasis in original.)

Phaire answered that interrogatory as follows:

> In 1986, the specific purpose I retained the legal services of Atty. Lucia Galiber-Babb was to represent my interest in Court: In a complaint for Partition of my home; filed my ex-husband, John W. Phaire, Sr. this was the only time I have used the legal services of Atty. Lucia Galiber-Babb. (Sic.)

According to Phaire, this answer establishes that an explicit contract was formed between the parties for the performance of specific services and that, as Phaire's own interrogatory answers detail, Galiber-Babb breached that contract by failing to do any pretrial preparation or to perform any effective services at trial.

■ Not only do the references to the record not support the plaintiff's position, but the very quotation which she offers from Ingvoldstad undermines her argument:

> Where, as in the case sub judice, the pleadings do not allege a promise by the attorney to obtain a definite result or to assure against professional miscarriage, the breach of contract action will be governed by the negligence statute of limitations. (Citations omitted.) Plaintiff has never alleged, nor presented evidence to show, that [attorneys] promised, either orally or in writing, to achieve a certain result with respect to the [legal work to be performed]. . . .

151

Id., at 127. Likewise, Phaire has neither alleged nor presented any evidence to show that Galiber-Babb promised, either orally or in writing, to achieve a certain result in the litigation in which she was retained.

■ On the basis of this record and in the light of clear and persuasive precedent, the Court finds that this action for legal malpractice is governed by a two-year negligence statute of limitations. 5 V.I.C. § 31(5)(A). Since the complaint was filed more than two years after the statute of limitations commenced to run, this action is time-barred. Accordingly, the defendant's motion for summary judgment will be granted.

## SUMMARY JUDGMENT

This matter is before the court on the defendant's motion for summary judgment. In accordance with the memorandum opinion of this date, it is hereby

ORDERED, ADJUDGED and DECREED that the complaint is dismissed, with prejudice.