**VELMA S. WHITAKER, Plaintiff**

**v.**

**MERRILL LYNCH, PIERCE FENNER & SMITH, INC., and ROBERT A. KOCH, Defendants**

Civ. No. 524/1992

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

April 21, 1997

WILFREDO A. GEIGEL, ESQ., (Law Offices of Wilfredo A. Geigel), St. Croix, U.S.V.I., *for Plaintiff*

LEE J. ROHN, ESQ., (Law Offices of Rohn & Cusick), St. Croix, U.S.V.I., *for Defendants*

CABRET, *Judge*

### MEMORANDUM OPINION

In this action for damages, defendants have moved for summary judgment on the basis that plaintiff's claims are barred by the general two-year limitations period for tort actions set forth in 5 V.I.C. § 31(5)(A).[1] For the reasons stated below, defendants' motion will be granted in part and denied in part.

### FACTUAL BACKGROUND

Merrill Lynch, Pierce, Fenner & Smith, Inc. ("MPFS" or "Defendant") is an investment company doing business in the U.S. Virgin Islands. In 1985, Velma Whitaker ("Ms. Whitaker" or "Plaintiff") opened an Individual Retirement Account ("IRA") at MPFS with an initial deposit of $2,000.00. In September 1987, Ms. Whitaker

---

[1] 5 V.I.C. § 31(5)(A) states in pertinent part: "[c]ivil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued . . . An action for . . . any injury to the person or rights of another not arising on contract. . . ."

opened an Individual Investor Account ("IVA") with an initial deposit of $10,000.00. Ms. Whitaker decided to invest the $10,000.00 in a certificate of deposit ("C.D."). As of May 27, 1988, the evaluation of Ms. Whitaker's IVA portfolio totaled $10,400.88. On June 3, 1988, Scarlett Richman, another MPFS client, erroneously deposited $17,677.52 into plaintiff's IVA. Ms. Whitaker's statement for the period of May 28-June 24, 1988, which she received and reviewed, reflected the deposit as a credit of $17,677.52 for fluids received via a third party check dated June 3, 1988. The monthly statement also reflects a total evaluation of plaintiff's IVA portfolio of $28,134.51. Subsequent to the erroneous deposit, Ms. Whitaker purchased several investments based upon the suggestions of defendant Robert A. Koch, who was acting as Ms. Whitaker's financial consultant.

Ms. Richman did not discover her error until twenty months later in February 1990. After its investigation, MPFS found Ms. Richman's money in plaintiff's IVA. Ms. Whitaker met with Mr. Koch in April 1990, at which time the June 3, 1988 error was discussed. About two days after her meeting with Mr. Koch, plaintiff met with an attorney to discuss whether she would be responsible for repaying Ms. Richman for the $17,677.52 erroneously deposited into her account. After selling some of plaintiff's securities to make restitution to Ms. Richman, plaintiff received a check from MPFS in the amount of $7,759.17 on or about August 1991.

On June 2, 1992, Ms. Whitaker filed the instant action for damages against MPFS and Mr. Koch, alleging among other things that 1) defendants depleted her account by approximately $2,000.00; 2) defendants induced her to "error" for the purpose of defrauding her of her funds and depriving her of her property; 3) defendants violated their fiduciary duty by negligently and maliciously mishandling her funds; 4) as a result of defendants' acts and omissions, plaintiff suffered emotional distress and anxiety; and 5) defendants' actions should be considered gross negligence, subjecting them to punitive damages. Defendants filed the instant motion for summary judgment stating that plaintiff's action is barred by the statute of limitations. In opposing defendants' motion, plaintiff argues that the action is timely because the

appropriate statute of limitations is the six-year statute for actions upon a contract, or for taking and detaining personal property set forth in 5 V.I.C. § 31(3)(A) and (D).[2] Alternatively, plaintiff argues that even if the two-year statute for tort actions is applicable, the suit was timely brought within two years of plaintiffs discovery of defendants' fraudulent conduct.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

■ The moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Once this showing has been made, the burden shifts to the nonmoving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).

■ An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). The Court must view the evidence in the light most favorable to the nonmoving party. *Id.* The "existence of disputed issues of material fact should be ascertained by resolving 'all inferences, doubts and issues of credibility against the moving party.'" *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir. 1978) (quoting *Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir. 1972)).

---

[2] 5 V.I.C. § 31(3)(A) and (D) state in pertinent part: "[c]ivil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued . . . (3)(A) An action for upon a contract or liability, express or implied, . . . . (3)(D) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof."

## A. Applicable Statute of Limitations

In order to apply the correct statute of limitations, the Court must first determine the type of action upon which plaintiff's complaint is based. Thus, this Court will examine the allegations made in plaintiff's complaint to determine the nature of the complaint and the applicable statute of limitations.

■ Where it is difficult to determine whether a claim is strictly tortious or strictly contractual, the courts look to the gravamen of the action rather than relying on the label given to the claim by the plaintiff. *See Erickson v. Croft*, 233 Mont. 146, 760 P.2d 706 (Mont. 1988). The general rule is that if the claims are based upon a breach of specific provisions in the contract, the action sounds in contract. If, however, the claims are based on a breach of a legal duty imposed by law that arises out of the performance of the contract, the action sounds in tort. *See Billings Clinic v. Peat Marwick Main & Co.*, 244 Mont. 324, 797 P.2d 899, 908 (Mont. 1990). *See also Ingvoldstad v. Estate of Young*, 19 V.I. 115 (D.V.I. 1982). Further, it has been held that if a duty to take care arises from the relation of the parties, irrespective of a contract, then the action is one of tort. *Equilease Corp. v. State Federal Savings and Loan Association*, 647 F.2d 1069, 1074 (10th Cir. 1981). Thus, a cause of action is not upon a contract merely because it is in some way remotely or indirectly connected with the written instrument or because the instrument would be a link in the chain of evidence establishing a cause of action. *Beane v. Tucson Medical Center*, 13 Ariz. App. 436, 477 P.2d 555 (Ariz.App. 1971). While this Court is not bound by the precedent established in *Billings Clinic, Beane or Equilease Corp.*, it nevertheless believes that the principles enunciated therein are sound, and should be followed here.

In the case at bar, defendants argue that plaintiff's claims are barred by the Virgin Islands' two-year statute of limitations for tort actions. Ms. Whitaker contends that the six-year statute of limitations is applicable because the entire complaint arises out of her contractual relationship with the defendants. Plaintiff also argues that six-year period is applicable because the defendants took and retained approximately $2,000.00 from her account to cover their

mistake. As the nonmoving party, plaintiff must identify specific facts by affidavit or other competent evidence showing that there is a genuine issue of material fact. *See Anderson* at 248. With respect to her claim that the complaint sounds completely in contract, plaintiff has done nothing more than set forth bare assertions and conclusory allegations to support her contention that a factual issue remains. Without any form of corroboration, plaintiff states that "[i]t is from [the] investment contract that the issue between the parties arose" and "as a result of the breach of fiduciary trust arising from that contract that plaintiff was damaged."[3] The Court is not persuaded by plaintiff's argument.

■ Although the Court recognizes that this suit arises from the investment of Ms. Whitaker's funds with MPFS, the wrongs complained of here consist of claims of negligence and fraud, and are therefore cognizable as tortious conduct. In essence, plaintiff's complaint alleges fraud, breach of fiduciary duty, and negligent infliction of emotional distress all of which are forms of tortious conduct. Thus, plaintiff's theory that this is a contract action is flawed for the simple reason that her claims are based not upon a breach of any contractual duty, but on the breach of a duty which arises by operation of law to use ordinary care under the circumstances in the management of her property.

■ Further, where the pleadings do not allege a promise to obtain a definite result or to assure against professional miscarriages, the breach of contract action will be governed by the negligence statute of limitations. *Gonzalez Phaire v. Galiber-Babb*, 26 V.I. 144, 151 (Terr. Ct. 1991) (citations omitted). In the case *sub judice*, plaintiff failed to allege or present evidence to show, that [defendants] promised, either orally or in writing, to achieve a certain result with respect to the [investment of her assets]. . . . *Id.* (*citing Ingvoldstad*, 19 V.I. at 127). Thus, plaintiff has not met her burden of producing specific facts showing that there is a genuine issue of material fact as to the nature of her claims for fraud, negligence and breach of fiduciary duty, and the Court rejects plaintiffs attempts to categorize them as contract claims so as to

---

[3] *See* Plaintiff's Response to Motion for Summary Judgment at 2.

obtain the benefit of the longer six-year statute applicable to contract actions. Instead, the Court finds that Ms. Whitaker's claims for negligence, fraud and breach of fiduciary duty sound in tort, and the two-year statute of limitations in 5 V.I.C. § 31(5)(A) will be applied.[4]

However, to the extent that plaintiffs complaint alleges that defendants diluted her account by more than $2,000.00 of which she now seeks to recover, Ms. Whitaker has properly set forth an action for taking, detaining or injuring personal property, including an action for specific recovery thereof, which is thus subject to a six-year statute of limitations pursuant 5 V.I.C. § 31(3)(D). *See also Knuth v. Erie-Crawford Dairy Cooperative Association*, 326 F. Supp. 48, 55 (W.D. Pa. 1971), *affirmed in part, reversed in part*, 463 F.2d 470 (3d Cir. 1972), *cert. denied*, 410 U.S. 913 (1973) (Court held money, which is personal property, may be the subject of conversion).

## B. Accrual of Cause of Action

■ Having determined the nature of plaintiff's claims, the Court must now decide when Ms. Whitaker's causes of action accrued. As a general proposition, "a statute of limitation begins to run upon the occurrence of the essential facts which constitute the cause of action." *Simmons v. Ocean*, 544 F. Supp. 841, 843 (D.V.I. 1982) (*citing Wilcox v. Executors of Plummer*, 29 U.S. 172, 180, 7 L. Ed. 821 (1830)). In the context of applying the statute of limitations, the Third Circuit Court of Appeals in *Zeleznik v. United States*, 770 F.2d 20 (3d Cir. 1985), *cert. denied*, 475 U.S. 1108, 89 L. Ed. 2d 913, 106 S. Ct. 1513 (1986), stated:

the . . . crucial question in determining the accrual date for statute of limitations purposes is whether the injured party had sufficient notice of the invasion of his legal rights to require that he investigate and make a timely claim or risk its loss. Once the injured party is put on

[4] It is well settled in this jurisdiction that the two-year statute of limitations governs claims premised on negligence and breach of fiduciary duty. *Tradewinds, Inc. v. Citibank, N.A.*, 20 V.I. 152 (D.V.I. 1983). Similarly, since fraud is considered a tort in the Virgin Islands, the general tort two-year statute of limitations also applies. *Ingvoldstad v. Estate of Young*, 19 V.I. 115 (D.V.I. 1982).

notice, the burden is upon him to determine within the limitations period whether any party may be liable to him.

*Zeleznik,* 770 F.2d at 23 (citations omitted).

### (1) Negligence, Fraud and Breach of Fiduciary Duty

■ With respect to an investor's claims of negligence or breach of a fiduciary duty against a brokerage firm, the statute of limitations begins to run on the date of the alleged act or omission, or on the date the investor discovers or reasonably could have discovered the harm he has suffered if it is not immediately apparent. *Manning v. Maloney,* 787 F. Supp. 433 (M.D.Pa. 1992). Similarly, a cause of action for fraud runs from the date plaintiff knew, or reasonably should have known, of the fraudulent conduct. *See Ingvoldstad,* 19 V.I. at 118; *Lawaetz v. Bank of Nova Scotia,* 653 F. Supp. 1278, 23 V.I. 132 (D. VI 1987).

Defendants assert that plaintiffs tort claims accrued either in June 1988, when plaintiff noticed the substantial increase in her account, *see Dominick v. Dixie Nat. Life Ins. Co.,* 809 F.2d 1559 (11th Cir. 1987); *Stitt v. Williams,* 919 F.2d 516 (9th Cir. 1990), or April 1990, when plaintiff met with Mr. Koch to discuss the funds that were erroneously deposited in her account. Defendants further argue that no matter which date is chosen as the date on which plaintiffs claims allegedly accrued, the two-year limitation period had expired before the original complaint was filed on June 2, 1992.

Plaintiff contends that if the two-year limitation period applies, the accrual date was not April 1990 because at the time she met with Mr. Koch, she informed him that she did not understand the ramifications of what he was saying and requested a written explanation of the error.[5] Therefore, plaintiff argues that because she did not understand the verbal explanation given to her by Mr. Koch in April 1990, her cause of action did not accrue until August 1991 when defendants depleted her account. Additionally, in her January 10, 1994 affidavit submitted in opposition to summary judgment, Ms. Whitaker, without stating a specific date, claimed that she did not discover that something was wrong until she

---

[5] *See* plaintiff's deposition p. 20.

received a check from Merrill Lynch in the amount of $7,759.17. Were August 1991 accepted as the discovery date, this action, filed on June 2, 1992, might well be considered timely. At the very least, there would be an issue of fact precluding summary judgment.

However, with respect to the claims of negligence, fraud, breach of fiduciary duty, the Court does not find any merit in, plaintiff's argument. In November 1992, before the defendant moved for summary judgment, Ms. Whitaker gave deposition testimony in a manner quite inconsistent with her later affidavit in opposition to summary judgment. During her deposition, Ms. Whitaker was asked "[h]ow did that seventeen thousand eight hundred dollar figure come to your attention," to which she responded "[b]ecause it was glaring there on the [June monthly] report."[6]

█ There is no plausible interpretation of this deposition testimony but that in either June 1988 or April 1990, Ms. Whitaker knew about the "mistake" that had been concerning her account. The Third Circuit has recently reiterated the settled and salutary rule that when a nonmovant's affidavit contradicts an earlier sworn statement, the trial court may ignore the affidavit in its consideration of a motion for summary judgment. *Gonzalez Phaire v. Galiber-Babb*, 26 V.I. at 149 (citing *Hackman v. Valley Fair*, 932 F.2d 239 (3d. Cir. 1991)). "[T]he objective of summary judgment would be seriously impaired if the [trial] court were not free to disregard the conflicting affidavit." *Martin v. Merrell Dow Pharmaceuticals, Inc.*, 851 F.2d 703, 706 (3d Cir. 1988). Because it directly contradicts her earlier deposition testimony, the affidavit of Velma Whitaker in opposition to the motion for summary judgment therefore will be disregarded.[7]

Based upon the facts established by Ms. Whitaker's deposition testimony, plaintiff knew or should have known of any invasion of her legal rights as early as June 1988 when she reviewed her account statement and noticed the $17,000.00 increase. At the latest, plaintiff had sufficient notice of her claims, as of her April

---

[6] Plaintiff's deposition p. 21. Additionally, in her complaint filed June 2, 1992, plaintiff states that she noticed a substantial increase in her account in June 1988. *See* Plaintiffs Complaint at ¶ 6.

[7] The Court's determination on this issue is limited specifically to plaintiffs claims for negligence, fraud and breach of fiduciary duty.

1990 meeting with Mr. Koch, wherein he informed her of the error and of the fact that MPFS had debited her account. It is clear that plaintiff discovered facts sufficient to start the running of the limitations period in April 1990 because only two days after her meeting with Mr. Koch, Ms. Whitaker met with an attorney to investigate whether she could be responsible for the [MPFS] error.[8] Thus, with respect to when plaintiff's claims for fraud, breach of fiduciary duty, and negligent infliction of emotional distress accrued, defendant is entitled to summary judgment as a matter of law, as no genuine issues of material fact remain.

*(2) Conversion*

An action for conversion is subject to a six-year statute of limitations. *Chase Manhattan Bank v. Power Prod., Inc.*, 27 V.I. 126 (Terr. Ct. 1992); *see also*, 5 V.I.C. § 31(3)(D); *Najman v. Machover*, Civil No. 79/254 (D.V.I. March 12, 1982), *affirmed without opinion*, 709 F.2d 1493 (3rd Cir. 1983). While the statute of limitations begins to run when the cause of action accrues,[9] an action for conversion of property is considered complete when the property is first tortiously taken or retained by the defendant. RESTATEMENT (SECOND) OF TORTS § 899 cmt c (1979). In her affidavit in support of her Response to Motion for Summary Judgment, Ms. Whitaker's states that MPFS unjustly depleted her life earnings. Plaintiff further contends that it was not until she received a check in the amount of $7,759.17 that she became aware of the fact that her account was depleted by some $2,000.00. Further, plaintiff argues that her cause of action for conversion did not accrue until July or August 1991 when she received the check.

Defendants have not addressed this issue in their moving papers. Thus, viewing the evidence in the light most favorable to plaintiff, Ms. Whitaker had six years from August 1991, the date she received the check in the amount of $7,759.17, to file this lawsuit. Moreover, regardless of whether this Court designates July or August 1991 as the accrual date, the record clearly reveals that Ms. Whitaker filed her claim for conversion on June 2, 1992,

---

[8] *Id.* at 39.
[9] 5 V.I.C. § 31(3)(D).

which was within the statutorily mandated six year limitation. As such, summary judgment is not appropriate on plaintiff's claim for conversion.

## CONCLUSION

After viewing the evidence in the light most favorable to the plaintiff, the Court finds that partial summary judgment should be granted as to all claims of the complaint except that which alleges conversion. The portion of Ms. Whitaker's complaint alleging fraud, negligence and breach of fiduciary duty sounds in tort, not contract, and is therefore governed by the two-year V.I. statute of limitations for "injury to the person or rights of another not arising on contract and not herein especially enumerated." 5 V.I.C. § 31(5)(A). Applying the two-year limitation period, those claims are time-barred and should be dismissed since Ms. Whitaker had actual notice of her alleged injuries prior to June 2, 1990. However, summary judgment cannot be granted as to plaintiff's allegation of conversion because, under the applicable six-year limitations period, that claim was timely filed. Accordingly, the defendant's motion for summary judgment will be granted in part and denied in part.

## ORDER

THIS MATTER is before the Court on defendants' Motion for Summary Judgment, plaintiff's opposition thereto. In accordance with the memorandum opinion of even date, it is hereby

ORDERED that the defendants' Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART.

DONE AND SO ORDERED this 21st day of April, 1997.